707 So.2d 782 (1998)
PRUDENTIAL SECURITIES INCORPORATED, Appellant,
v.
Dr. Edwin R. RUSKIN, Appellee.
Linda W. RYAN, Appellant,
v.
Dr. Edwin R. RUSKIN, Appellee.
Nos. 97-0647, 97-0658.
District Court of Appeal of Florida, Fourth District.
January 14, 1998.
Opinion Denying Rehearing April 1, 1998.
Bradford D. Kaufman and Joseph C. Coates, III of Steel Hector & Davis LLP, West Palm Beach, for Appellant Prudential Securities Incorporated.
Barton S. Sacher of Hornsby, Sacher, Zelman, Stanton, Paul & Beiley, P.A., Miami, for Appellant Linda W. Ryan.
Charles D. Franken of Charles D. Franken, P.A., Plantation, for appellee.
GUNTHER, Judge.
The defendants, following arbitration, appeal the circuit court order denying attorney's fees sought pursuant to section 517.211(6), Florida Statutes (1995). We affirm.
Appellee, Dr. Edwin Ruskin, filed an arbitration petition before the National Association of Security Dealers. Ruskin's petition alleged violations of securities transactions *783 under chapter 517 against Appellants, Prudential Securities, Inc., and Linda Ryan, an employee of Prudential. When Prudential and Ryan did not voluntarily submit to arbitration, Ruskin filed a complaint in the circuit court for the limited purpose of compelling them to submit to arbitration pursuant to Florida's Arbitration Act and the federal arbitration act. Prudential and Ryan each individually answered Ruskin's complaint, but neither raised an issue of attorney's fees under chapter 517. Ultimately, the court ordered all parties to submit to arbitration on the substantive issues contained in Ruskin's petition.
During arbitration, the parties did not agree to submit to the arbitration panel the issue of attorney's fees under section 517.211(6). Thus, the parties did not confer subject matter jurisdiction on the attorney's fees issue. See Turnberry Assocs. v. Service Station Aid, Inc., 651 So.2d 1173, 1175 (Fla.1995)(stating that the arbitration panel "has no authority to award fees absent an express waiver" of the statutory "right to have the issue of attorney's fees decided in court"). After Ruskin's presentation of evidence, the arbitration panel dismissed Ruskin's claims as being without merit. Despite the fact the issue of attorney's fees was not before the arbitration panel, the panel nonetheless ruled that each party would bear their own attorney's fees and costs.
After arbitration, Prudential and Ryan filed motions in the circuit court to confirm that portion of the arbitration panel's decision that dismissed Ruskin's petition and to modify that portion of the arbitration panel's decision that precluded attorney's fees. In their respective motions, Prudential and Ryan for the first time specifically requested attorney's fees pursuant to section 517.211(6).
Upon hearing, the circuit court upheld the dismissal of Ruskin's complaint, vacated the panel's ruling on attorney's fees, and denied Prudential and Ryan's request for attorney's fees pursuant to section 517.211(6). The circuit court found that the arbitration panel exceeded its authority in deciding any issue related to attorney's fees. In vacating the attorney's fees, the circuit court properly concluded that the parties had failed to confer subject matter jurisdiction on the arbitration panel to determine the issue of statutory attorney's fees because the parties had not agreed to allow the arbitration panel to decide their entitlement to attorney's fees. See Turnberry Assocs., 651 So.2d at 1175.
The circuit court also specifically found that Prudential and Ryan were the prevailing parties and that it would not be unjust to allow Prudential and Ryan to recover attorney's fees. See § 517.211(6). However, citing Stockman v. Downs, 573 So.2d 835 (Fla.1991), the circuit court found that it was powerless to award statutory attorney's fees to Prudential and Ryan since they failed to plead entitlement to them the first time they appeared in circuit court, i.e., when Ruskin sought to compel arbitration. The issue now before this Court is whether the circuit court properly denied statutory attorney's fees to Prudential and Ryan on the basis that the fees were untimely requested.
In Stockman, the Florida Supreme Court concluded that a claim for attorney's fees based on either statute or contract must be pled before judgment and that failure to do so constitutes waiver of the claim, with limited exception. See Stockman, 573 So.2d at 837. The policy behind this rule is to provide notice to the opposing party that attorney's fees will be sought so that the opposing party might make an informed decision on whether to pursue a claim, dismiss it, or settle. See id.
Although Stockman did not involve arbitration proceedings, the notice policy consideration contained in Stockman is equally valid for the arbitration of a claim. Contrary to Prudential and Ryan's arguments, there really is no reason to distinguish arbitration from a trial court proceeding in terms of the notice policy consideration in Stockman because the underlying notion of notice in order to facilitate the resolution of disputes is present in both arbitration and trial.
Accordingly, to apply the notice policy consideration of Stockman to the instant case means that Prudential and Ryan must have given notice that they would seek chapter 517 attorney's fees before the merits of the dispute was determined during arbitration.
*784 This would have required Prudential and Ryan to give notice of their intent to seek attorney's fees from the circuit court either during the initial proceeding in circuit court when Ruskin sought to compel arbitration or alternatively, during the arbitration proceedings. By revealing before the merits were arbitrated that attorney's fees would be sought in the circuit court, the policy underlying Stockman would have been protected, in that Ruskin could have intelligently evaluated his case knowing the risks he was taking in proceeding on the merits of his claim. At the same time, Prudential and Ryan, having not agreed to submit the issue to arbitration, would not have jeopardized their right to have a circuit court determine their entitlement to attorney's fees under Turnberry Associates because merely revealing their intent to seek statutory attorney's fees later would not have constituted an express waiver of their statutory right to seek attorney's fees in the circuit court. See D.H. Blair & Co. v. Johnson, 697 So.2d 912, 914 (Fla. 4th DCA 1997).
Prudential and Ryan argue that Turnberry Associates allowed them to request attorney's fees for the first time when they came before the circuit court on their motions to enforce the arbitration panel's decision. We cannot agree. The issue in Turnberry Associates was whether parties by stipulation may waive their statutory right to have a circuit court determine their entitlement to attorney's fees and instead confer jurisdiction upon arbitrators to award attorney's fees. Turnberry Assocs., 651 So.2d at 1175. The timing of a request for attorney's fees was not a consideration of the Turnberry Associates court. Further, such a reading of Turnberry Associates would contravene the policy underlying Stockman. It would allow parties who plan to seek attorney's fees to wait until the merits of a case are decided before revealing their intent to seek attorney's fees, thus depriving the opposing party of an opportunity to make an informed decision on whether to pursue a claim, dismiss it, or settle. See Stockman, 573 So.2d at 837. In this case, because Prudential and Ryan waited until the motion to enforce the arbitration panel's award before revealing that they were seeking chapter 517 attorney's fees, the substance of Ruskin's claims was already decided without Ruskin having the benefit of knowing whether Prudential and Ryan were seeking attorney's fees.
In sum, we agree with the circuit court that the primary consideration under Stockman is one of notice to the other party that attorney's fees will be sought. However, we disagree with the circuit court's ruling that Prudential and Ryan necessarily waived their right to seek attorney's fees under Stockman because they failed to raise the issue when they first appeared in circuit court on Ruskin's complaint to compel arbitration. Instead, we hold that under Stockman, Prudential and Ryan would have protected their right to seek statutory attorney's fees if they would have revealed their intent to seek those fees either during the circuit court proceedings to compel arbitration or during arbitration itself, so long as their intent to seek statutory attorney's fees was revealed prior to the merits of the dispute being determined. Under the record before us, this was not done. Accordingly, we affirm the circuit court's denial of statutory attorney's fees to Prudential and Ryan.
AFFIRMED.
SHAHOOD, J., concurs.
STONE, C.J., dissents with opinion.
STONE, Chief Judge, dissenting.
I would reverse. This is admittedly a close call, as the majority opinion is certainly consistent with the policy behind Stockman. However, in my judgment, the earliest opportunity to reasonably seek fees in an arbitration is in the pleading seeking confirmation in the circuit court. I would conclude that a party is not required to specifically give notice, by pleading or otherwise, of an attorney's fee claim in arbitration that is not being submitted for arbitrator resolution.

ON MOTION FOR REHEARING
PER CURIAM.
We deny Prudential's and Ryan's motions for rehearing, rehearing en banc, and certification, which are based upon the misconception that this Court's opinion requires *785 a party to specifically plead attorney's fees during an arbitration proceeding. We clarify our opinion to the extent it might be interpreted as such. Our opinion does not require a party to specifically plead attorney's fees during an arbitration proceeding in order to protect the notice policy underlying Stockman. Rather, a party need only give notice, whether formal or informal, that it will later seek attorney's fees pursuant to a specific contractual provision or statute. Accordingly, contrary to Appellants' arguments, our opinion does not conflict with Turnberry Assocs. v. Service Station Aid, Inc., 651 So.2d 1173 (Fla. 1995), or Kintzele v. J.B. & Sons, Inc., 658 So.2d 130 (Fla.1st DCA 1995). Appellants' motion for rehearing, rehearing en banc, and certification are denied.
GUNTHER and SHAHOOD, JJ., concur.
STONE, C.J., concurs specially with opinion.
STONE, Chief Judge, concurring specially.
I concur in denying rehearing and note that I continue to dissent as to a notice requirement.