SCHWARTZ, Chief Judge.
The appellants-insureds successfully defended a declaratory judgment action brought by their liability carrier, resulting in a judgment which established coverage and the carrier’s duty to defend an existing tort claim against them.[1] Although they were thus entitled to attorney’s fees under section 627.428, Florida Statutes (1997), in the order now under review, the trial court nevertheless denied fees on the authority of Stockman v. Downs, 573 So.2d 835 (Fla. 1991), because the appellants had not asserted a *376 fees claim in any of their pleadings. Although that was indeed the case, we reverse.
We do so because when, at the end of the non-jury trial, the trial judge asked the carrier’s counsel to prepare the final judgment, he agreed with the insureds’ lawyer’s request to include a provision that “the court reserves jurisdiction as to attorneys fees....” We hold that these circumstances invoke the “waiver” exception to the Stockman no-pleading, no-fees rule stated in Stockman itself as follows:
Where a party has notice that an opponent claims entitlement to attorney’s fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a clam for attorney’s fees.
Stockman, 573 So.2d at 838. Because each prerequisite of the exception applies, the order denying fees is reversed and the cause remanded with directions appropriately to assess the amount. .
Reversed.

. The judgment was affirmed sub nom. Odyssey Re (London) Ltd. v. Storob, - So.2d-(Fla. 3d DCA Case no. 98-2028, opinion Bled, March 31, 1999).