COPE, J.
The Allen Morris Construction Company, Inc., appeals an attorney’s fee judgment entered in construction litigation. We affirm.
The plaintiff-appellant contractor brought suit against the defendants-appel-lees, the Salazars (“owners”), to foreclose a mechanic’s lien under chapter 713, Florida Statutes, and for other relief. The contractor had agreed to renovate the owners’ house. The owners counterclaimed for breach of the construction contract and asserted that the contractor had filed a *361 fraudulent claim of lien in violation of section 718.31, Florida Statutes (1995).
The contractor pled a claim for attorney’s fees under section 713.29, Florida Statutes, which provides for attorney’s fees for the prevailing party in any action brought under part I of chapter 713. The contractor also asserted a claim for attorney’s fees under the contract, but it turns out that the contract had no attorney’s fee provision.
In their counterclaim, the owners pled a claim for attorney’s fees under section 713.31, Florida Statutes, the statute applicable to a fraudulent or excessive lien. The owners likewise pled entitlement to attorney’s fees under the construction contract which, as already stated, had no such provision. The owners did not plead a claim for attorney’s fees under section 713.29, Florida Statutes, the provision for prevailing party attorney’s fees in construction lien litigation.
The case proceeded to arbitration, in which the owners received a net award of $113,983 and were found by the arbitrators to be the prevailing parties. After confirmation of the award, the circuit court granted the owners prevailing party attorney’s fees under section 713.29, Florida Statutes. The trial court rejected the contractor’s argument that the attorney’s fee claim should be rejected for failure to plead reliance on section 713.29. From the attorney’s fee award, the contractor has appealed.
We conclude that the attorney’s fee award was amply justified by the record. The decision in Stockman v. Downs, 573 So.2d 835 (Fla.1991) requires that a party plead its claim for attorney’s fees, see id. at 837, and this court has interpreted that decision to require the litigant to “plead the statutory or contractual basis on which that party seeks attorney’s fees.” Dealers Ins. Co. v. Haidco Investment Enterprises, Inc., 638 So.2d 127, 130 (Fla. 3d DCA 1994). While the owners pled a claim for attorney’s fees, they did not cite section 713.29, which is the basis of the trial court’s fee award.
The Stockman decision contains an exception. “Where a party has notice that an opponent claims entitlement to attorney’s fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney’s fees.” Id. at 838 (citations omitted). Such a finding was well-justified here.
In a pre-arbitration ruling, the arbitration panel confirmed in writing that the arbitrators and parties had agreed, among other things, that “the Award shall include a designation of who the prevailing party is.” The trial court took the testimony of the chairman of the arbitration panel, who said the issue of attorney’s fees arose in the context of chapter 713. While the chairman could not recall whether the discussion involved section 713.29 or section 713.31, the conclusion is inescapable that the discussion involved section 713.29. That is so because only section 713.29 provides for prevailing party attorney’s fees. Section 713.31 does not—and the owners withdrew their claim under section 713.31 during the arbitration in any event. The record sufficiently supports the proposition that there was a waiver or acquiescence within the meaning of Stockman. See also Storob v. Sphere Drake Insurance, 730 So.2d 375 (Fla. 3d DCA 1999). We need not reach the owners’ alternative argument that once a case proceeds to arbitration, “a party need only give notice, whether formal or informal, that it will later seek attorney’s fees pursuant to a specific contractual provision or statute.” Prudential Securities, Inc. v. Ruskin, 707 So.2d 782, 785 (Fla. 4th DCA 1998).
The contractor argues alternatively that the owners released their attorney’s fee claim on account of a partial release they gave the contractor in exchange for the contractor’s payment of the arbitrator’s award. We reject this argument as *362 well. The release covered “those matters arising out of the Amended Arbitration Award ... (except those matters specifically omitted from consideration by the arbitrators).” The arbitrators made no attorney’s fee award. The claim for attorney’s fees survived the release.
Affirmed.