SHEVIN, Judge.
Isabel Betancourt, and her daughter, Yeilyn Garcia, petition for a writ of certio-rari. We grant the petition, as the circuit court appellate division departed from the essential requirements of law resulting in a miscarriage of justice. Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000).
Contrary to the insurer’s protestations, the Stockman v. Downs, 573 So.2d 835 (Fla.1991), “waiver” exception applies in this case. Here, the initial complaints contained a request for attorney’s fees as a result of litigating the personal injury protection benefits [“PIP”] claim. The final judgment against the insurer in Garcia’s case contained a reservation of jurisdiction to award fees. “Having been advised by the parties that the outcome of the [Be-tancourt] case was to be governed by the Court’s decision in the companion [Garcia] case,” the court entered a final judgment against the insurer in Betancourt’s case. Hence, the Garcia judgment’s reservation of jurisdiction to award fees was incorporated by reference into the Betancourt judgment. The insurer did not appeal this reservation, did not attack the reservation in its rehearing motion, and did not otherwise object to the reservation.
Six months later, the insureds moved to determine fees, and the insurer participated in discovery to that end. In fact, the insurer waited over two years after the final judgments to object to an award of fees for failure to plead the specific statute entitling the insureds to fees.
These circumstances demonstrate that the insurer was on notice that the opponent claimed an entitlement to attorney’s fees, and by its conduct acquiesced to that claim or otherwise failed to object to the failure to plead entitlement. Here, as in Storob v. Sphere Drake Ins., 730 So.2d 375 (Fla. 3d DCA 1999), the insurer’s conduct amounts to acquiescence under Stockman, *203 and any objection the insurer may have had was waived.
Furthermore, as the Ivey court found, “Florida law is clear that in ‘any dispute’ which leads to judgment against the insurer and in favor of the insured, attorney’s fees shall be awarded to the insured.” Ivey, at 684. It is disingenuous for the PIP insurer to argue that it didn’t know under which statute Betancourt and Garcia were seeking a fee award. Here, the circuit court appellate division decision was patently in “conflict with firmly grounded principles embedded in Florida’s no-fault insurance scheme.” Id.
Certiorari granted, cause remanded for award of fees.