894 So.2d 1064 (2005)
CARMEN DeSOCIO, Appellant,
v.
SONIC AUTOMOTIVE-21699 U.S. HWY 19 N d/b/a Clearwater Mitsubishi, Appellee.
No. 2D04-2112.
District Court of Appeal of Florida, Second District.
February 4, 2005.
Rehearing Denied March 9, 2005.
*1065 Brian L. Weakland, Tampa, for Appellant.
Edmund J. McKenna of Ford & Harrison LLP, Tampa, for Appellee.
CASANUEVA, Judge.
Carmen DeSocio, an automobile salesman, filed a whistleblower's action[1] against his former employer, Sonic Automotive, contending that he was terminated for threatening to expose certain allegedly fraudulent sales practices. The matter was ordered to arbitration pursuant to the parties' prior written agreement. The arbitrator denied any relief to DeSocio and concluded that Sonic was the prevailing party under section 448.101 but nevertheless decided that Sonic should bear the costs of arbitration in the amount of $7628. Sonic then moved for attorney's fees in the circuit court, and the court awarded Sonic fees and costs in an amount totaling over $57,000. Prior to seeking fees in the circuit court, however, Sonic never notified DeSocio of its intent to do so. For this reason we hold that Sonic waived its entitlement to attorney's fees. Furthermore, the circuit court lacked jurisdiction to disturb the arbitrator's award as to costs. Accordingly, we reverse.
Sonic's theory, argued both to the circuit court and on appeal, is that this action was governed by federal arbitration provisions. Because the rules of the American Arbitration Association do not require a respondent to plead entitlement to fees, Sonic contends that it did not need to do so before filing its motion with the circuit court after arbitration had concluded. We reject Sonic's argument. This court has clearly held that "even when the Federal Arbitration Act governs an arbitration agreement, Florida law controls the award of attorney's fees." Orkin Exterminating Co. v. Petsch, 872 So.2d 259, 263 (Fla. 2d DCA 2004).
Under Florida law, Sonic was required to notify DeSocio in some manner of its intent to seek fees before the arbitration proceeded to a conclusion. Holding that a party must plead its claim for attorney's fees, whether statutory or contractual, the supreme court in Stockman v. Downs, 573 So.2d 835, 837-38 (Fla.1991) (citations omitted), emphasized the paramount importance of notice:
Modern pleading requirements serve to notify the opposing party of the claims alleged and prevent unfair surprise. Raising entitlement to attorney's fees only after judgment fails to serve either of these objectives. The existence or nonexistence of a motion for attorney's fees may play an important role in decisions affecting a case. For example, the potential that one may be required to pay an opposing party's attorney's fees may often be determinative in a decision on whether to pursue a claim, dismiss it, or settle. A party should not have to speculate throughout the entire course of action about what claims ultimately may be alleged against him. Accordingly, we hold that a claim for attorney's fees, whether based on statute or contract, must be pled. Failure to do so constitutes a waiver of the claim.
*1066 The Stockman court recognized an exception to the rule: "Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees." Id. at 838.
Sonic argues that this exception applies and that DeSocio waived his right to object to an award of fees. Sonic's theory is that the whistleblower statute incorporates a prevailing party fee provision, and by pleading his own entitlement to fees under that statute, DeSocio was on notice that Sonic would be entitled to fees if it prevailed. It is true that Sonic was denominated the prevailing party by the arbitrator, thus triggering its potential for entitlement to fees; but section 448.104 is not an automatic entitlement provision. Rather, the statute provides that "a court may award reasonable attorney's fees, court costs, and expenses to the prevailing party." § 448.104 (emphasis supplied). Thus, a whistleblower claimant is presumed to know of the potential for exposure to an adverse fee award, but the claimant would not be on notice of an actual threat of a fee judgment unless the respondent pleaded or somehow alleged entitlement to those fees. Otherwise, the claimant might assume that the respondent did not intend to seek fees under the statute. And without notice, the claimant could not make a cogent decision about whether to drop the action or attempt to settle.
In a case somewhat analogous to this, the Fourth District held that a prevailing party in a securities case had waived its right to statutory attorney's fees by failing to reveal its intent to seek fees during either the circuit court or arbitration proceedings. In Prudential Securities, Inc. v. Ruskin, 707 So.2d 782 (Fla. 4th DCA 1998), the plaintiff sued for securities violations and sought attorney's fees pursuant to section 517.211(6), Florida Statutes (1995). The defendant brokers moved to compel arbitration and, as in this case, the parties did not agree to submit the attorney's fees issue to arbitration. At the conclusion of the arbitration, however, the panel ruled that each party would bear its own attorney's fees and costs. The brokers then filed a motion in the circuit to have the arbitration award set aside as to their own attorney's fees and specifically asked, for the first time, that the claimant be required to pay the brokers' fees and costs. The circuit court vacated the arbitration award as to fees because it was outside of the arbitrators' jurisdiction. However, the circuit court also denied fees to the brokers  even though they were the prevailing parties  because they had waived their entitlement to fees by failing to plead entitlement the first time they appeared in circuit court. Id. at 783.
The Fourth District affirmed in part but modified the circuit court's reasoning. The appellate court held that the brokers could have protected their right to attorney's fees if they had "revealed their intent to seek those fees either during the circuit court proceedings to compel arbitration or during arbitration itself, so long as their intent to seek statutory attorney's fees was revealed prior to the merits of the dispute being determined." Ruskin, 707 So.2d at 784. The court's reasoning was grounded upon Stockman, which is "equally valid for the arbitration of a claim" because "the underlying notion of notice in order to facilitate the resolution of disputes is present in both arbitration and trial." Id. at 783.
In this case, as in Ruskin, Sonic never informed DeSocio of its intent to seek fees, nor did DeSocio act in recognition of or acquiesce in Sonic's claim. Cf. Allen Morris *1067 Constr. Co. v. Salazar, 766 So.2d 360, 361 (Fla. 3d DCA 2000) (holding, based upon the arbitrator's testimony that the attorney's fee issue had arisen during arbitration, that there had been waiver or acquiescence under Stockman). Rather, only after Sonic filed its fee motion in circuit court, thirty days after the arbitrator's decision, did DeSocio learn Sonic's intent. Even though Sonic's motion might have been timely under Florida Rule of Civil Procedure 1.525, it came far too late for DeSocio to make a reasoned evaluation of his case.
The circuit court essentially found that there had been no notice but dismissed that failure as insignificant because DeSocio had not demonstrated that the arbitration rules required it. The court further found that Sonic was entitled to attorney's fees and costs because the arbitrator had denominated Sonic the prevailing party under section 448.104, yet in reality the arbitration award simply stated that Sonic was the prevailing party "[f]or purposes of this arbitration." In any event, Sonic waived any entitlement to attorney's fees. Furthermore, the issue of costs was submitted to arbitration as provided for in the parties' contract, and the arbitrator decided that Sonic was to pay the costs. Because Sonic never moved to set aside the arbitration decision, the circuit court had no jurisdiction to disturb the costs award.
Accordingly, we reverse the judgment for attorney's fees and costs and remand for the circuit court to enter judgment in accordance with the arbitrator's costs award.
NORTHCUTT and SALCINES, JJ., Concur.
NOTES
[1] § 448.101-.105, Fla. Stat. (2001).