FARMER, J.,
dissenting.
I would reverse the award of fees under § 44.103(6) for failure to file a pleading in the court case seeking an award of fees under the statute. In this regard, I would follow our own precedent in Prudential Securities v. Ruskin, 707 So.2d 782 (Fla. 4th DCA 1998):
“there really is no reason to distinguish arbitration from a trial court proceeding in terms of the notice policy consideration in Stockman because the underlying notion of notice in order to facilitate the resolution of disputes is present in both arbitration and trial.”
707 So.2d at 783. While I readily recognize that the arbitration in that case was contractual and binding rather than statutory and non-binding, I think that distine *161 tion makes no difference. As we said in Prudential Securities, “a party need only give notice, whether formal or informal, that it will later seek attorney’s fees pursuant to a specific contractual provision or statute.” 707 So.2d at 785. As the supreme court explained in requiring prior notice of the intent to seek fees:
“The fundamental concern is one of notice. Modern pleading requirements serve to notify the opposing party of the claims alleged and prevent unfair surprise. Raising entitlement to attorney’s fees only after judgment fails to serve either of these objectives. The existence or nonexistence of a motion for attorney’s fees may play an important role in decisions affecting a case.”
Stockman v. Downs, 573 So.2d 835, 837 (Fla.1991). The beneficial effects of a required in terrorem prior notice are lost by searching for exceptions to the rule the supreme court refused explicitly to adopt.
The single exception recognized by Stockman — where a party has notice that an opponent claims entitlement to attorney’s fees, and by conduct recognizes or acquiesces to that claim — is utterly inapplicable here. All of the “acquiescence” cited by the majority occurred after the trial court had decided the merits and the parties were merely settling the form of judgment. After a party has clearly learned that it has prevailed on the merits, any notice about wanting fees can hardly be considered prior. It is most decidedly ex post facto, the very concern that the Stock-man rule was meant to alleviate.
All either party need have done to preserve a right to fees under § 44.103(6) was, upon the entry of the order requiring arbitration under § 44.103(2), promptly file a written notice in the court file of the intention to seek fees should the outcome afford an entitlement to such a claim.
The majority decision expressly conflicts with both Stockman and Prudential Securities.
I would reverse.