# Third District Court of Appeal

## State of Florida

Opinion filed August 11, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1436
Lower Tribunal No. 16-8560
_____

**Timothy Lenahan,**
Appellant,

vs.

**Shannon Lenahan,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lody Jean, Judge.

Lavalle, Brown & Ronan, P.A., and Anthony D. Brown and Jeff M. Brown (Boca Raton), for appellant.

Taylor Espino Vega & Touron, PLLC, and Francisco Touron, III, and Vanessa A. Van Cleaf, for appellee.

Before SCALES, MILLER and GORDO, JJ.

SCALES, J.

In this breach of contract action, Timothy Lenahan ("the brother"), the plaintiff below, appeals a July 24, 2020 post-judgment final order ("fee judgment") that awarded $349,094.70 in prevailing party attorney's fees and costs to the defendant below, Shannon Lenahan ("the sister"). The trial court entered the fee judgment following a jury trial and after it had entered a February 19, 2020 final judgment that, *inter alia*, determined the sister was entitled to prevailing party attorney's fees pursuant to a fee provision contained in the parties' contract underlying this litigation.[1] Because the sister failed to plead her entitlement to contractual attorney's fees in any pleading, and because we conclude that the exception to the pleading

---

[1] This Court affirmed the February 19, 2020 final judgment in a separate appellate proceeding, see Lenahan v. Lenahan, No. 3D20-522, 2021 WL 2944756 (Fla. 3d DCA July 14, 2021), and, in that appeal, we granted the sister's motion seeking appellate level attorney's fees. Our granting of the sister's motion for *appellate level* attorney's fees in that appeal, however, neither controls nor informs our independent review in this case of whether *trial level* attorney's fees were appropriately sought below. Florida Rule of Appellate Procedure 9.400 – rather than Stockman v. Downs, 573 So. 2d 835 (Fla. 1991) and its progeny – governs the procedures applicable for parties seeking appellate fees. See Advanced Chiropractic & Rehab. Ctr., Corp. v. United Auto. Ins. Co., 140 So. 3d 529, 535 (Fla. 2014). Further, the portion of the February 19, 2020 final judgment that merely determined the sister was entitled to fees, without affixing an amount, was not appealable and therefore was outside the scope of our jurisdiction and adjudication in 3D20-522. See Acosta v. Tower Hill Signature Ins. Co., 245 So. 3d 882, 883 (Fla. 3d DCA 2018).

2

requirement for seeking attorney's fees set forth in <u>Stockman v. Downs</u>, 573 So. 2d 835 (Fla. 1991) does not apply here, we reverse.[2]

## I.      RELEVANT FACTS AND PROCEDURAL HISTORY

*A. The Parties' Pleadings*

This action involves a contentious dispute between siblings over the dispersal of their deceased father's ashes and the sister's ability to visit their ailing mother. In December 2014, the parties entered into an agreement whereby the sister agreed to turn over their father's ashes to the brother's attorney by January 15, 2015, and the brother agreed not to interfere unreasonably with the sister's visitation of their mother. The agreement contained a prevailing party attorney's fees provision.[3]

---

[2] Because there was no written fee agreement between the sister and her counsel, the brother also challenges the trial court's determination that the sister's counsel is entitled to a contingency fee multiplier. <u>See</u> R. Regulating Fla. Bar 4-1.5(f)(1),(2) (requiring all contingency fee agreements to be in writing); <u>but see</u> R. Regulating Fla. Bar 4-1.5(e)(1) ("The fact that a contract may not be in accord with these rules is an issue between the lawyer and client and a matter of professional ethics, but is not the proper basis for an action or defense by an opposing party when fee-shifting litigation is involved.") Because of our disallowance of fees based on <u>Stockman</u>'s pleading requirement, we need not, and therefore do not, reach this issue.

[3] The attorney's fees provision provided, in relevant part, as follows:

> [T]he parties agree that any expenses, including but not limited to, counsel fees, court costs, and travel, incurred by a party in the successful enforcement of any of the provisions of this Agreement, whether through litigation or other action necessary

3

When the sister did not turn over the father's ashes by January 15, 2015, the brother, on January 16, 2015, filed the instant breach of contract action against the sister seeking to compel the sister to comply with their agreement (i.e., specific performance). The brother's complaint pleaded entitlement to prevailing party attorney's fees under the agreement's fee provision.

The sister responded by filing an answer, affirmative defenses, and several permissive counterclaims. In her pleading, the sister argued, as an affirmative defense, that the brother had breached their agreement by interfering with the sister's attempts to visit their mother, thereby relieving the sister of her obligation to deliver the ashes. Another of the sister's affirmative defenses argued that the agreement was unconscionable and therefore void.

---

to compel compliance herewith, shall be borne by the defaulting party. . . . Any such costs incurred by a party in the successful defense of any action for enforcement of any such provision shall be borne by the party seeking to enforce compliance.

If a party by action, proceeding, counterclaim, defense or otherwise, seeks to set aside this Agreement, or to declare any of its terms and conditions invalid, void, or against public policy for any reason . . ., said party shall reimburse the other party and be liable for any and all such party's reasonable expenses, costs and attorney's fees provided to the extent that such action, proceeding, counterclaim or defense results in a decision, judgment, decree or order dismissing or rejecting said claims[.]

4

It is undisputed that the sister's pleading did not affirmatively plead her entitlement to prevailing party attorney's fees under the agreement or otherwise.

### B. The Sister Retains New Legal Counsel

More than two years into the litigation, the sister's initial lawyer withdrew from the case. In May 2017, the sister's current lawyer agreed to represent the sister with the purported understanding that the lawyer would not charge any fees to the sister, but, if the lawyer successfully defended the sister against the brother's breach of contract action at trial, the sister would pursue prevailing party attorney's fees under the parties' agreement. The sister's fee agreement with her new lawyer was never reduced to writing and the sister's new lawyer did not seek to amend the sister's pleadings to affirmatively plead entitlement to fees.

### C. The Trial, the Jury Verdict and the Sister's Post-trial Motions

The lower court conducted a jury trial, and, on October 29, 2019, the jury rendered a verdict in the sister's favor. Because the jury answered "Yes" to the question asking whether the brother had breached the agreement, consistent with the jury instructions, the jury did not go on to answer whether the sister had breached the agreement.

On November 6, 2019, the sister filed her "Motion for Entry of Final Judgment and to Award Attorney's Fees and Costs as the Prevailing Party" ("November 6 motion") seeking entry of final judgment consistent with the jury's verdict. It is in this November 6 post-trial motion that the sister *first* filed a paper that claimed entitlement to attorney's fees under the subject agreement's fee provision.[4] The sister did not set this November 6 motion for hearing; rather, nearly two and half months later, the sister filed her January 16, 2020 "Motion for Entry of Final Judgment" ("January 16 motion"). In her January 16 motion, the sister merely asked that the trial court "reserve jurisdiction to determine entitlement to attorney's fees and costs, as well as the corresponding amount due." Attached to her January 16 motion was a proposed final judgment that did not adjudicate the issue, but simply reserved jurisdiction to determine fees. The brother did not file a response to the sister's January 16 motion and, as discussed below, did not file a response to the sister's November 6 motion until March 18, 2020.

On January 23, 2020, the sister noticed her January 16 motion for a five-minute hearing on the successor judge's motion calendar. During the February 19, 2020 hearing before the successor judge, the sister's attorney

---

[4] The sister's November 6 motion also sought to recover court costs under section 57.041 of the Florida Statutes.

argued that the sister was the prevailing party in the case but, consistent with the parties' understanding regarding the scope of this hearing, requested that the trial court reserve jurisdiction on the issue of entitlement to fees because of the attorney's understanding that the brother intended to seek prevailing party attorney's fees. The brother's counsel agreed that the court should reserve jurisdiction on the issue of entitlement, stating that the brother intended to seek attorney's fees because the sister, at trial, had abandoned her affirmative defense that the agreement was void; ergo, the brother had "prevailed" on the affirmative defense.

Notwithstanding the parties' agreement that the court should simply enter a final judgment in the sister's favor and reserve jurisdiction on both entitlement and amount of attorney's fees, the trial court ruled at the hearing that the sister was entitled to prevailing party attorney's fees, but also invited the brother's counsel to file his own fee motion. Consistent with its oral rulings, the trial court entered the February 19, 2020 final judgment which, in relevant part, provides: "[The sister] is the prevailing party and is entitled to recover her reasonable attorneys' fees and costs. The court reserves jurisdiction to consider all post-judgment motions."[5]

_____

[5] The hearing transcript from the February 19, 2020 hearing reflects that the trial court signed a proposed final judgment prepared by the sister's counsel that had not been attached to the sister's January 16 motion that was noticed

7

Following the February 19th final judgment hearing, at which the trial court invited the brother's counsel to file his own fee motion, the brother filed his motion for attorney's fees and an incorporated response to the sister's November 6 motion. On May 14, 2020, the brother filed an amended fee motion and response to the sister's November 6 motion ("the brother's amended motion/response"). In the brother's amended motion/response, the brother argued that the sister was not entitled to contractual attorney's fees because she had failed to seek prevailing party attorney's fees in her pleading and that Stockman's exception to the pleading requirement did not apply. The trial court, though, refused to revisit its earlier fee entitlement determination as to the sister and, after conducting a two-day evidentiary hearing on the amount of attorney's fees to which the sister was entitled, entered the July 24, 2020 fee judgment[6] awarding the sister a total of

---

for hearing. It is this February 19, 2020 final judgment that the brother separately appealed, and that we affirmed, in 3D20-522. As noted in footnote 1, *supra*, that portion of the February 19, 2020 final judgment determining that the sister was entitled to attorney's fees was non-final, subject to revision by the trial court, and non-appealable. Acosta, 245 So. 3d at 883.

[6] It does not appear that the trial court ever entered an order denying that portion of the brother's amended motion/response which argued that the brother had prevailed and was entitled to fees. The brother raises no issue as to his own entitlement to fees in this appeal, and we express no opinion on the issue.

$349,094.70 in fees and costs.[7] The brother timely appealed the fee judgment, challenging the fee award.[8]

## II. STANDARD OF REVIEW

This Court reviews *de novo* whether a party is entitled to attorney's fees pursuant to the provisions of a contract. See Burton Family P'ship v. Luani Plaza, Inc., 276 So. 3d 920, 922 (Fla. 3d DCA 2019). Similarly, application of Stockman's exception to the pleading requirement for attorney's fees is reviewed *de novo*. See Save on Cleaners of Pembroke II Inc. v. Verde Pines City Ctr. Plaza LLC, 14 So. 3d 295, 297 n.4 (Fla. 4th DCA 2009).

## III. ANALYSIS

The Florida Supreme Court has determined that "a claim for attorney's fees, whether based on statute or contract, must be pled." Stockman, 573 So. 2d at 837. "Failure to do so constitutes a waiver of the claim." Id. at 838. While the Stockman court established a bright-line requirement that entitlement to fees must be pled, the Court recognized an exception to the pleading requirement where (i) a party has sufficient notice that the party

---

[7] The trial court awarded $129,720 in lodestar fees, along with a 2.5 contingency fee multiplier. The fee judgment also included $6,900 in expert fees, taxable costs of $8,548.74 and prejudgment interest of $9,345.96.

[8] The brother does not challenge the $8,548.74 cost award.

opponent claims entitlement to contractual or statutory attorney's fees (notice prong), *and* (ii) there is action or inaction on the part of the party that can be deemed to be either the party's acquiescence to the fee claim or the party's failure to object to the party opponent's failure to plead entitlement to attorney's fees (waiver prong):

> [W]e recognize an exception to the rule announced today. Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees.

Id. (emphasis added); see also Save on Cleaners of Pembroke II Inc., 14 So. 3d at 297 ("An implicit rationale for Stockman's exception – and its concomitant requirement of objecting to an unpled claim – is that under the Rules of Civil Procedure the failure to object to a claim not pleaded may operate as a consent to amendment of the pleading to include the claim."); Fla. R. Civ. P. 1.190(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.").

In this appeal, the sister concedes that she did not plead entitlement to attorney's fees in her pleading. Nonetheless, the sister argues that Stockman's exception to the pleading requirement applies here because (i) the brother was purportedly on notice both before and during trial that, if she

10

won at trial, the sister intended to seek prevailing party attorney's fees, and (ii) the brother waived any objection to her failure to plead a claim for attorney's fees.

*A. Waiver Prong of <u>Stockman</u>'s Exception to the Pleading Requirement*[9]

Under the particular facts and circumstances of this case, we conclude that the brother did not, through any action or inaction, recognize or acquiesce to the sister's fee claim. Nor did the brother waive any objection to the sister's failure to plead a claim for contractual attorney's fees. To the contrary, the brother filed the brother's amended motion/response expressly objecting to the sister's failure to plead her fee claim.

The timing of the parties' respective filings is important. The sister first pleaded entitlement to fees post-trial in her November 6 motion. The sister, though, did not set this November 6 motion for hearing. *Instead*, recognizing that the fee claim was disputed, the sister noticed her January 16 motion for hearing on the trial court's five-minute motion calendar. Unlike her November 6 motion, the sister's January 16 motion merely requested that the trial court enter final judgment in her favor and reserve jurisdiction on the issues of

---

[9] Given our conclusion that the sister failed to establish the waiver prong of <u>Stockman</u>'s exception, we do not address the notice prong of <u>Stockman</u>'s exception and express no opinion on whether the brother had sufficient notice of the sister's fee claim.

entitlement and amount of attorney's fees. Similarly, the proposed final judgment attached to the January 16 motion merely reserved jurisdiction over the fee issues without adjudicating entitlement to fees.

Hence, going into the five-minute motion hearing conducted on February 19, 2020, the brother had no reason to believe that the trial court – a successor judge who had not presided over the trial – would adjudicate the sister's November 6 motion, or otherwise determine fee entitlement. At this February 19 hearing on the sister's January 16 motion the brother's counsel did not acquiesce to the sister's fee claim or waive the sister's failure to plead it; he merely agreed that the court should reserve jurisdiction on attorney's fees, stating that the brother intended to file his own fee motion.

The brother later did so, filing the brother's amended motion/response in which the brother – extensively citing to Stockman's pleading requirement – expressly and unequivocally asserted opposition to the sister's November 6 motion (and, more generally, the sister's claim for fees).[10] On this record,

---

[10] While the brother's amended motion/response specifically objected to the entitlement to fees asserted in the sister's November 6 motion, we note that, even if the brother had not filed a response to the sister's November 6 motion, such omission, standing alone, would likely not have satisfied the waiver prong of Stockman's exception. See Taylor v. T.R. Props., Inc. of Winter Park, 603 So. 2d 1380, 1381 (Fla. 5th DCA 1992) (determining that a party's failure to file a response objecting to a demand for attorney's fees made, for the first time, in a motion for summary judgment did not constitute a Stockman waiver because "there is no requirement in the Florida Rules of

12

we cannot conclude, as the sister urges, that the brother waived his objection to the sister's failure to plead her fee claim simply because the trial court, in rendering its February 19, 2020 final judgment, adjudicated the sister's unnoticed November 6 motion. The brother's amended motion/response expressly raises the Stockman objection, and, under this case's unusual procedural posture, was sufficient to preserve the objection.

### B. Distinguishing this Court's Storob Decision

The sister heavily relies on this Court's decision in Storob v. Sphere Drake Insurance, 730 So. 2d 375 (Fla. 3d DCA 1999), as support for her argument that Stockman's exception to the pleading requirement is applicable in this case. Storob, though, is distinguishable. In Storob, an insurance carrier filed a declaratory judgment action against its insureds, seeking a coverage determination. Id. at 375. The insureds successfully defended the action and were therefore entitled to statutory attorney's fees under section 627.428 of the Florida Statutes.[11] The trial court denied the

---

Civil Procedure that would require [the party] to respond in any way to that demand prior to the hearing on the motion").

[11] The statute provides, in relevant part:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of

13

insureds' fee claim, though, because the insureds had not pled entitlement to attorney's fees in their pleadings. Id. at 375-76. Citing Stockman, this Court reversed "because when, at the end of the non-jury trial, the trial judge asked the carrier's counsel to prepare the final judgment, he agreed with the insureds' lawyer's request to include a provision that 'the court reserves jurisdiction as to attorneys fees . . . .'" Id. at 376.

Although short on facts, we can readily infer from the opinion that the Storob court concluded the waiver prong of Stockman's exception was met because the *carrier's counsel* – i.e., the counsel for the party against whom fees would be awarded – agreed to include a provision in the final judgment reserving jurisdiction for fees. There was no indication in Storob that the carrier was also seeking fees against its insureds. Hence, unlike the instant case, there would be no reason for the carrier's counsel in Storob to agree to include a reservation of jurisdiction for fees in the judgment other than to recognize and acquiesce to the insureds' unpled fee claim.

---

an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

§ 627.428(1), Fla. Stat. (2020).

14

Unlike the insurer in <u>Storob</u>, the brother pleaded his entitlement to prevailing party attorney's fees. Thus, the brother had a very good reason – *entirely unrelated to any purported acquiescence to the sister's fee claim* – at the February 19 hearing in which the trial court specifically invited the brother to file his own fee motion, to ask the court to reserve jurisdiction to determine his entitlement to fees. In short, unlike <u>Storob</u>, where the insurer's counsel essentially acquiesced to the insureds' entitlement to fees, leaving only a determination as to the amount of fees, here, the brother – who was pursuing his own, properly pleaded fee claim – merely agreed that the trial court should reserve jurisdiction on the issues of both entitlement and amount of fees. For these reasons, <u>Storob</u> is distinguishable and does not govern our determination in this appeal.

## IV. CONCLUSION

A party's failure to plead entitlement to contractual attorney's fees results in a waiver of the party's fee claim unless the party opponent has sufficient notice of the party's fee claim, and the party opponent either acquiesces to the claim or fails to object to the party's failure to plead entitlement to fees. <u>Stockman</u>, 573 So. 2d at 838. Because the sister failed to plead her entitlement to contractual attorney's fees in her pleading, and because the brother did not, through any action or inaction, waive any

15

objection to the sister's failure to plead a claim for contractual attorney's fees, we conclude that the exception to <u>Stockman</u> is inapplicable. The sister, therefore, waived her right to seek contractual attorney's fees in this case. Accordingly, we reverse all but the cost award in the July 24, 2020 fee judgment, and remand for the trial court to enter a new judgment consistent with this opinion.

Reversed and remanded with instructions.