HOBSON, Acting Chief Judge.
Appellants Mainland of Tamarac By The Gulf Unit No. Four Association (the Association) and Condominium Management Resources, Inc. (Management) appeal an order assessing costs, granting appellees’ motion to strike appellants’ motion for award of attorney fees, and denying appellants’ motion for award of attorney fees.
Unit owners Jack and Grace Morris brought suit against the Association and Management seeking injunctive relief, specific performance and damages with regard to the installation and operation of a catch basin and drainage system adjoining appel-lees’ property. The court, after a nonjury trial, entered final judgment in favor of the Association and Management.
Appellees’ complaint included an allegation that appellees were entitled to reasonable attorney fees pursuant to Section 718.-303, Florida Statutes. Appellants’ answer specifically denied the allegation that Section 718.303 provided entitlement to attorney fees and further made no specific plea .for attorney fees.
The parties stipulated during trial that the question of attorney fees and costs to the prevailing party would be heard at a hearing subsequent to the final hearing in the case. The stipulation was filed with the court and in the final judgment the court reserved jurisdiction for the purpose of obtaining appropriate motions for awarding attorney fees and costs. After a hearing on the matter, the court denied appellants’ motion for attorney fees; awarded appellants costs in part and denied appellants costs in part.
We reverse that portion of the final judgment that denied attorney fees to the Association. We affirm the portion of the final judgment that denied attorney fees to Management and apportioned costs.
Section 718.303 provides that unit owners and associations may bring actions against each other or against the developer’s directors. The section goes on to state that “[t]he prevailing party is entitled to recover reasonable attorney’s fees.” This section does not apply to Management since it is neither a unit owner nor an association. Therefore, the trial court correctly denied Management attorney fees.
Regarding the Association, however, we hold that Section 718.303 specifically provides for attorney fees where the association prevails in a suit brought against it by unit owners. In view of the stipulation entered into between the parties and appel-lees’ failure to object to the matter during trial, the failure of the Association to plead entitlement to attorney fees does not preclude the award.
We note that the Association and Management employed the same attorneys in *228 this case. It will be necessary for the Association to present evidence at a subsequent hearing on just which portion of the total fee applies to the Association.
The denial of appellants’ costs for certain depositions which were not ultimately used at trial is a matter within the sound discretion of the trial court. There is no showing that this discretion was abused in the instant case; therefore, we will not disturb that portion of the judgment.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
BOARDMAN and DANAHY, JJ., concur.