399 So.2d 1003 (1981)
MIAMI LINCOLN MERCURY, INC., Appellant,
v.
Daniel W. KRAMER, Appellee.
Nos. 80-1507, 80-2088.
District Court of Appeal of Florida, Third District.
May 19, 1981.
Rehearing Denied July 6, 1981.
*1004 Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Robert K. Tucker and R. Owen Ricker, Jr., Miami, for appellant.
David H. Zoberg and Michael D. Felton, Miami, for appellee.
Before HUBBART, C.J., and BASKIN and FERGUSON, JJ.
PER CURIAM.
The final order denying attorney's fees which is under review by this appeal is reversed and the cause is remanded to the trial court with directions to award the defendant Miami Lincoln Mercury, Inc. reasonable attorney's fees under Section 817.41(6), Florida Statutes (1979), upon a holding that: (a) the defendant herein was the prevailing person in a civil action brought against it inter alia for misleading or deceptive advertising under Section 817.41(1), Florida Statutes (1979), and accordingly, was entitled to an award of reasonable attorney's fees under Section 817.41(6), Florida Statutes (1979), see e.g., Johnny Crews Ford, Inc. v. Llewellyn, 353 So.2d 606 (Fla.2d DCA 1977); and (b) the defendant's entitlement to said attorney's fees was not defeated by its failure to plead for same in its answer as it properly presented the issue before the trial court by timely motion  although admittedly it would have been better practice for the defendant to have pled for said attorney's fees in its answer. See e.g., Ocala Music & Marine Center v. Caldwell, 389 So.2d 222 (Fla. 5th DCA 1980), and cases collected.
Reversed and remanded.
FERGUSON, Judge (dissenting).
Kramer filed this suit against Miami Lincoln Mercury pursuant to Sections 817.40 and 817.41, Florida Statutes (1977), for damages arising from an alleged misleading advertisement that the auto he purchased had been driven less than 7,000 miles. He joined in the suit as defendants prior dealers and a prior owner of the vehicle contending that one of the defendants unlawfully turned back the odometer on the vehicle and that the other defendants, including Miami Lincoln Mercury, knew or reasonably should have known that the odometer had been tampered with. After a jury trial, a verdict was returned for Miami Lincoln Mercury. Miami Lincoln Mercury then sought attorney's fees from Kramer as the prevailing party pursuant to the statute. § 817.41(6).
The parties are unable to provide the court with a case construing the statutory provision in question. Section 817.41(6) provides for attorney's fees to be awarded "to any person prevailing in an action for violation of this action." Similar statutes relied upon by appellant provide for an award of fees to the prevailing party and have been construed to apply as well to a prevailing defendant.[1] This same section provides for "punitive damages in addition to actual damages proven." Under no realistic *1005 hypothesis could the defendant-retailer ever be the party proving actual and punitive damages based on plaintiff-consumer's "action for violation of this section."
As an aid to interpreting this statutory provision, I find it unnecessary to look further than the entire chapter on fraudulent practices. Chapter 817, unlike the statutes relied upon by appellant, is a criminal statute. Unquestionably, it was enacted to grant to consumers a stronger remedy for redress against fraudulent commercial practices than already existing legal remedies.[2]
There are sixty-five sections under Chapter 817 identifying and prohibiting certain frauds. Nearly all of the frauds are made criminal acts and are punishable as such. Section 817.416, supra, prohibits misrepresentations in the sale of franchises and distributorships. A violation of the section is a crime. § 817.416(2)(b). Activities in violation of the section may be enjoined by the Department of Legal Affairs or the Department of Agriculture and Consumers Services in behalf of the people of the state. Most persuasive to an interpretation of the provision in question is the language found in subsection (3) of Section 817.416 which provides for a civil remedy in addition to criminal penalties and injunctive relief:
Any person, who shows in a civil court of law a violation of this section may receive a judgment for all moneys invested in such a franchise or distributorship. Upon such a showing, the court may award any person bringing said action reasonable attorney's fees... .
It is perfectly clear that this section does not intend to award fees to a prevailing defendant even though the very nature of the subject contemplates a more sophisticated type of litigation than does Section 817.41. I am aware of no criminal statute which awards attorney's fees to a prevailing defendant.
Section 817.41 prohibits misleading advertising but is the only fraudulent practice in this Chapter for which no criminal penalty is prescribed, nor is expressly subject to injunctive action by a department of state government. The single statutory remedy for violation of the section is a civil action by a member of the public who has been misled. I believe that the purpose of Section 817.41(6) is to place aggrieved consumers on equal footing with retailers in terms of access to the court for the purpose of vindicating a public as well as private wrong. The interpretation by the majority, that the prevailing retailer is to be awarded attorney's fees even where the action is meritorious and brought in good faith, is contrary to the intent of the statute. Under no other section would a non-prevailing party, be it the government or a private consumer, be liable for attorney's fees. It is doubtful that the Legislature intended this inconsistency.
I would affirm the trial court.
NOTES
[1] § 501.2105(1) Florida Statutes (1979); § 713.29 Florida Statutes (1979); § 718.303(1) Florida Statutes (1979).
[2] § 817.415 Florida Free Gift Advertising Law

(1) LEGISLATIVE INTENT
(2) The Legislature of the State of Florida recognizes that the deceptive misuse of the term "free" and words of similar meaning and intent in advertising by the unscrupulous had resulted in deception of consumers, leading them unknowingly to assume contractual obligations which were initially concealed by the deception.