573 So.2d 835 (1991)
Ann W. STOCKMAN, Petitioner,
v.
George DOWNS, et al., Respondents.
No. 75635.
Supreme Court of Florida.
January 31, 1991.
*836 Richard F. Hussey of Hussey & Hussey, P.A., Fort Lauderdale, for petitioner.
Harry D. Dennis, Jr., Pompano Beach, for respondents.
GRIMES, Justice.
Upon the authority of article V, section 3(b)(4) of the Florida Constitution, we review Downs v. Stockman, 555 So.2d 867, 869 (Fla. 4th DCA 1989), to answer the following question certified by the district court of appeal to be of great public importance:
MAY A PREVAILING PARTY RECOVER ATTORNEY'S FEES AUTHORIZED IN A STATUTE OR CONTRACT BY A MOTION FILED WITHIN A REASONABLE TIME AFTER ENTRY OF A FINAL JUDGMENT, WHICH MOTION RAISES THE ISSUE OF THAT PARTY'S ENTITLEMENT TO ATTORNEY'S FEES FOR THE FIRST TIME?
The district court of appeal answered the question affirmatively.
Ann Stockman entered into a contract with George and Regina Downs to purchase real property from the Downses. The contract provided:
ATTORNEY FEES AND COSTS: In connection with any litigation arising out of this Contract, the prevailing Party, whether Buyer, Seller or Brokers, shall be entitled to recover all costs incurred including attorney's fees for services rendered in connection with any enforcement of breach of contract, including appellate proceedings and postjudgment proceedings.
Stockman ultimately sued the Downses for fraud and breach of contract.[1] Stockman sought attorney's fees pursuant to the contractual provision quoted above. The contract was attached to the complaint and entered into evidence at trial. The Downses filed an answer in which they raised affirmative defenses but did not seek affirmative relief or attorney's fees.
The jury returned a verdict in favor of the Downses. The trial court entered final judgment in their favor, retaining jurisdiction for the taxation of costs and award of attorney's fees. The day after entry of final judgment, the Downses filed a motion for attorney's fees pursuant to the contract. The trial court denied the motion because the Downses had not sought attorney's fees in their pleadings and there had been no "recognition or acquiescence during the pre-trial stage of the case... ." (Emphasis in original.) The Fourth District Court of Appeal reversed the order of denial.
Early Florida cases held that a claim for attorney's fees should be pled specifically. Blount Bros. Realty Co. v. Eilenberger, 98 Fla. 775, 124 So. 41 (1929); United States Fire Ins. Co. v. Dickerson, 82 Fla. 442, 90 So. 613 (1921); Price v. Boden, 39 Fla. 218, 22 So. 657 (1897). However, in subsequent decisions, this Court found it unnecessary to plead for attorney's fees where the claim was based on statute. Prudence Mut. Casualty Co. v. Washington, 211 So.2d 556 (Fla. 1968); New Amsterdam Casualty Co. v. James, 122 Fla. 710, 166 So. 813 (1935); National Benefit Life Ins. Co. v. Brown, 103 Fla. 758, 139 So. 193 (1931). Most decisions of the district courts of appeal have held that it is unnecessary to plead for attorney's fees authorized by statute, Miami Lincoln Mercury, Inc. v. Kramer, 399 So.2d 1003 (Fla. 3d DCA), review dismissed, 408 So.2d 1094 (Fla. 1981); Ocala Music & Marine Center v. Caldwell, 389 So.2d 222 (Fla. 5th DCA 1980); Washington v. Rodgers, 201 So.2d 636 (Fla. 4th DCA 1967), cert. denied, 211 So.2d 556 (Fla. 1968), but that attorney's fees sought pursuant to contract must be pled. E.g., Millard v. Brannan, 553 So.2d 1248 (Fla. 2d DCA 1989); Altamonte Hitch & Trailer Serv., Inc. v. U-Haul Co., 498 So.2d 1346 (Fla. 5th DCA 1986); Nour v. All State Pipe Supply Co., 487 So.2d 1204 (Fla. 1st DCA 1986).
The Fourth District Court of Appeal in this case and the Third District Court of Appeal in Protean Investors, Inc. v. Travel *837 Etc., Inc., 519 So.2d 7 (Fla. 3d DCA), review denied, 518 So.2d 1277 (Fla. 1987), interpreted two recent decisions of this Court to allow recovery of attorney's fees pursuant to a contract even though the claimant did not plead entitlement to such fees. In Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986), the plaintiffs obtained a judgment in a medical malpractice action. Three days after the time for appeal expired, plaintiffs filed a motion seeking attorney's fees pursuant to section 768.56, Florida Statutes (1983) (mandating attorney's fees to prevailing party in medical malpractice action). The Fourth District Court of Appeal reversed the award of attorney's fees to the plaintiffs, finding that the trial court lacked jurisdiction because the motion for attorney's fees was filed after judgment became final. This Court quashed that decision, finding that "a postjudgment motion for attorney's fees raises a `collateral and independent claim, which the trial court has continuing jurisdiction to entertain within a reasonable time, notwithstanding that the litigation of the main claim may have been concluded with finality." Id. at 1243.
In Cheek v. McGowan Electric Supply Co., 511 So.2d 977 (Fla. 1987), we addressed the question of a party's entitlement to attorney's fees under a promissory note where no proof of the amount of attorney's fees was made prior to final judgment. We held that proof of attorney's fees, whether sought pursuant to statute or contract, may be presented after final judgment, reasoning that recovery of attorney's fees is ancillary to a claim for damages.
The district court of appeal here reasoned that because a claim for attorney's fees is a "collateral and independent" claim and the prevailing party cannot be known until the claims have been resolved, it was not inappropriate to raise a claim for attorney's fees for the first time after judgment. Downs v. Stockman, 555 So.2d at 868. We find the court's reliance on Finkelstein and Cheek to be misplaced. First, the parties in both of those cases pled entitlement to attorney's fees in their complaints. Second, the reference in those cases to the "collateral," "independent," and "ancillary" nature of claims for attorney's fees recognizes only that the proof required in such claims is not integral to the main cause of action. A motion for attorney's fees requires consideration of factors distinct from the issues decided on the merits of the cause of action. Thus, it is not improper to adjudicate entitlement to attorney's fees after resolution of the other claims.
Our review of the case law leads us to the conclusion that the better view is the one expressed in our earlier cases  a claim for attorney's fees, whether based on statute or contract, must be pled.[2] The fundamental concern is one of notice. Modern pleading requirements serve to notify the opposing party of the claims alleged and prevent unfair surprise. 40 Fla.Jur.2d Pleadings § 2 (1982). Raising entitlement to attorney's fees only after judgment fails to serve either of these objectives. The existence or nonexistence of a motion for attorney's fees may play an important role in decisions affecting a case. For example, the potential that one may be required to pay an opposing party's attorney's fees may often be determinative in a decision on whether to pursue a claim, dismiss it, or settle.[3] A party should not have to speculate throughout the entire course of an action about what claims ultimately may be alleged against him. Accordingly, we hold that a claim for attorney's fees, whether based on statute or contract, must be pled. *838 Failure to do so constitutes a waiver of the claim.[4]
However, we recognize an exception to the rule announced today. Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees. See, e.g., Brown v. Gardens by the Sea S. Condo. Ass'n, 424 So.2d 181 (Fla. 4th DCA 1983) (defendant's failure to raise entitlement to attorney's fees until after judgment not fatal to claim where issue of attorney's fees was raised at pretrial conference and plaintiff's pretrial statement listed defendant's entitlement to fees as an issue); Mainlands of Tamarac by Gulf Unit No. Four Ass'n, Inc. v. Morris, 388 So.2d 226 (Fla. 2d DCA 1980) (parties' stipulation during trial that the question of attorney's fees would be heard subsequent to final hearing would permit recovery of attorney's fees despite failure to plead entitlement to fees).
We have reviewed the record in the instant case to determine if the exception is applicable here. We find that it is not. The trial court order denying the motion for attorney's fees indicates that the Downses' claim for attorney's fees was not before the court prior to final judgment. The mere fact that Stockman sought attorney's fees under the same contractual provision is insufficient to warrant application of the exception to the rule. There was no action or inaction on Stockman's part that can be deemed to be a recognition of the fact that the Downses intended to claim attorney's fees or a waiver of objection to their failure to plead such a claim.
Accordingly, we quash the decision below and answer the certified question in the negative. A party seeking attorney's fees pursuant to statute or contract must plead entitlement to such fees. Proof of attorney's fees may be presented after final judgment, upon motion within a reasonable time. Cheek v. McGowan Elec. Supply Co., 511 So.2d at 977. We overrule Prudence Mutual Casualty Co. v. Washington, 211 So.2d 556; New Amsterdam Casualty Co. v. James, 122 Fla. 710, 166 So. 813; and National Benefit Life Insurance Co. v. Brown, 103 Fla. 758, 139 So. 193, to the extent those cases hold that a party may recover attorney's fees where a claim for such fees has not been pled or where objection to the failure to so plead has not been waived. We also disapprove of those district court of appeal opinions which hold that claims for attorney's fees either pursuant to statute or contract need not be pled.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT and KOGAN, JJ., concur.
NOTES
[1] Stockman's complaint named other defendants who are not parties to this appeal. She alleged fraud, breach of contract, and negligence by her own real estate broker and agent and fraud and breach of contract by the Downses' broker and agent. None of those defendants claimed attorney's fees under the contract, although Stockman's broker and agent sought costs and attorney's fees pursuant to section 57.105, Florida Statutes (1987).
[2] In this respect, we agree with the Fourth District Court of Appeal when it said:

Upon reflection we can not originate or find a rationale that meaningfully supports the distinction made by the courts between the necessity for pleading entitlement when based on contract vs. statute. We would prefer that the treatment be made uniform, one way or the other.
Brown v. Gardens by the Sea S. Condo. Ass'n, 424 So.2d 181, 183 (Fla. 4th DCA 1983).
[3] In the instant case, Stockman might have chosen to drop her contractual claims and go to trial only on her claim of fraud had she been put on notice that the Downses were seeking attorney's fees under the contract.
[4] Because the issue is not before us in this case, we do not address whether White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), requires a different result with respect to claims for attorney's fees pursuant to 42 U.S.C. § 1988. See Gumbhir v. Kansas State Bd. of Pharmacy, 231 Kan. 507, 514-15, 646 P.2d 1078, 1085-86 (1982) (relying on White to find that claim for attorney's fees under 42 U.S.C. § 1988 need not be pled in original pleadings), cert. denied, 459 U.S. 1103, 103 S.Ct. 724, 74 L.Ed.2d 950 (1983), abrogated on other grounds, Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Our previous approval of the reasoning of White in Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986), pertained to the issue of jurisdiction rather than pleading.