CAMPBELL, Acting Chief Judge.
Appellants, Vie-A-Mer, Ltd., a Florida limited partnership; Murray Klauber,' individually; and The Travelers Indemnity Company, challenge the trial court order denying their post-final judgment motion for attorney’s fees and costs. We affirm the denial of the motion for attorney’s fees. Appellee concedes that the trial court erred in failing to grant the motion to tax costs and we, therefore, reverse on that issue for that purpose.
Appellants’ post-judgment motion for attorney’s fees arose out of the underlying action in which appellants were the defendants in a suit brought by appellee to enforce a lien pursuant to Chapter 713, Florida Statutes (1993). A final judgment was entered in favor of appellants, defendants below. Appellants initially filed a motion to dismiss appellee’s cause of action and, in doing so, asked that the trial court “award the costs associated with this motion.” Attorney’s fees were never mentioned in that motion or any subsequent pre-judgment motion filed by appellants, nor were they mentioned in their answer and affirmative defenses. There was never a pre-trial order entered in the case. There are no stipulations of record in which any request for attorney’s fees was made by appellants in the proceedings below. While appellee requested attorney’s fees pursuant to section 713.29, Florida Statutes (1993) in their complaint, such a request by one party does not cure the other party’s failure to request fees under the same statutory or contractual authority. See Stockman v. Downs, 573 So.2d 835, 838 (Fla.1991). The final judgment entered for appellants in the trial court did not award fees or costs to either party and did not reserve jurisdiction to do so at a later time. Not until after the entry of the final judgment did appellants file a “Motion to Tax Costs” which, for the first time, included a request for attorney’s fees pursuant to section 713.29.
The trial judge denied appellants post-judgment request for attorney’s fees on the basis that it lacked jurisdiction. The argument on that issue below centered around the failure of the final judgment to “reserve jurisdiction” to award attorney’s fees. However, that failure to reserve jurisdiction would not have been fatal to a subsequent motion for attorney’s fees had the request for attorney’s fees been previously pleaded or if, in some other way, appellee had been put on notice of appellants’ intent to pursue a request for fees. We conclude that nothing in the record before the trial court or before us would have been sufficient to give such notice to appellee. We find that *218 this ease is, therefore, controlled by Stock-man. The court in Stockman first held that a statutory or contractual claim for attorney’s fees must be pled, saying as follows:
Our review of the case law leads us to the conclusion that the better view is the one expressed in our earlier cases — a claim for attorney’s fees, whether based on statute or contract, must be pled. The fundamental concern is one of notice. Modern pleading requirements serve to notify the opposing party of the claims alleged and prevent unfair surprise. 40 Fla.Jur.2d Pleadings § 2 (1982). Raising entitlement to attorney’s fees only after judgment fails to serve either of these objectives. The existence or nonexistence of a motion for attorney’s fees may play an important role in decisions affecting a case. For example, the potential that one may be required to pay an opposing party’s attorney’s fees may often be determinative in a decision on whether to pursue a claim, dismiss it, or settle. A party should not have to speculate throughout the entire course of an action about what claims ultimately may be alleged against him. Accordingly, we hold that a claim for attorney’s fees, whether based on statute or contract, must be pled. Failure to do so constitutes a waiver of the claim.
573 So.2d at 837-838 (footnotes omitted).
Stockman, however, recognized that there could be an exception to the requirements to plead for attorney’s fees saying further, as follows:
However, we recognize an exception to the rule announced today. Where a party has notice that an opponent claims entitlement to attorney’s fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney’s fees. See, e.g., Brown v. Gardens by the Sea S. Condo. Ass’n, 424 So.2d 181 (Fla. 4th DCA 1983) (defendant’s failure to raise entitlement to attorney’s fees until after judgment not fatal to claim where issue of attorney’s fees was raised at pretrial conference and plaintiff’s pretrial statement listed defendant’s entitlement to fees as an issue); Mainlands of Tamarac by Gulf Unit No. Four Ass’n, Inc. v. Morris, 388 So.2d 226 (Fla. 2d DCA 1980) (parties’ stipulation during trial that the question of attorney’s fees would be heard subsequent to final hearing would permit recovery of attorney’s fees despite failure to plead entitlement to fees).
573 So.2d at 838.
As did the court in Stockman, we have examined the record in the case before us to determine if the exception should apply. We find that it does not.
We, therefore, affirm the denial of appellant’s request for attorney’s fees. We reverse and remand for further proceedings the denial of their motion to tax costs.
BLUE and FULMER, JJ., concur.