740 So.2d 573 (1999)
TRI-COUNTY DEVELOPMENT GROUP, INC., a Florida corporation, Appellant,
v.
C.P.T. OF SOUTH FLORIDA, INC., a Florida corporation, Barrett Hess, individually and Profitable Investment Corp. a Florida corporation, Appellees.
No. 98-2417.
District Court of Appeal of Florida, Fourth District.
July 14, 1999.
Rehearing Denied September 7, 1999.
Laurence F. Leavy of Leavy & Panebianco, P.A., Fort Lauderdale, for appellant.
Elisabeth McCloskey Allen of Josephs, Jack & Gaebe, P.A., Miami, for appellees.
SHAHOOD, J.
This is an appeal by Tri-County Development Group, Inc. from Final Judgment in favor of Profitable Investment Corp. for attorney's fees and costs. We affirm.
This case represents the second appeal in this cause. In the first appeal (case no. 97-4320), this court affirmed a Final Judgment involving the same parties in a dispute regarding a breach of a lease agreement initiated by Tri-County Development Group, Inc. ("Tri-County").
In that case, in response to Tri-County's complaint, appellees, C.P.T. of South Florida ("C.P.T."), Barrett Hess, individually, and Profitable Investment Corp. ("Profitable") *574 filed one answer denying the claims against them and set forth various affirmative defenses. Included in the answer, was the following request for attorney's fees: "The claims against DEFENDANTS, HESS AND CPT, are wholly without factual and/or legal merit and the DEFENDANTS should be awarded attorney's fees pursuant to F.S. 57.105."
After a non-jury trial, the trial court entered Final Judgment in favor of appellees. As part of the Final Judgment, the court held as follows:
IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff, TRI-COUNTY DEVELOPMENT GROUP, INC., take nothing by this action and that Defendants, C.P.T. OF SOUTH FLORIDA, INC., BARRETT HESS, AND PROFITABLE INVESTMENT CORP., shall go hence without day. Jurisdiction is retained to assess costs upon appropriate motion and hearing thereon. The Court retains jurisdiction for the assessment of attorney's fees, if appropriate, pursuant to Florida Statute 57.105.
After the appeal was concluded, the lower court proceeded to hear appellees' Motion for Entitlement to an Award of Attorney's Fees and Costs. In its order granting appellees' motion, the court held as follows:
1. Defendants' Motion for Entitlement to Attorney's Fees and Costs is hereby granted under Florida Statute § 57.105(2) and pursuant to contract. It is this Court's position that Plaintiffs demand for attorney's fees pursuant to the parties' contractual provision for reasonable attorney's fees to be awarded to the prevailing party in Plaintiffs Complaint as well as the Defendants having cited Florida Statute § 57.105 in its demand for fees in paragraph seventeen of the Answer to the Plaintiffs' Complaint sufficiently placed the Plaintiff on notice that attorney's fees were being sought pursuant to the contractual provision and under either subsection of Florida Statute § 57.105. In so doing, the Defendant did not have to cite which subsection of Florida Statute § 57.105 was being invoked.
The court further held that the amount of attorney's fees would be determined in a separate evidentiary hearing. Following such hearing, Final Judgment was entered in favor of Profitable for attorney's fees and costs in the amount of $75,000.
Appellant now argues that Profitable failed to properly plead that it was seeking fees pursuant to statute or contract, and thus, failed to put Tri-County on notice prior to judgment. Alternatively, Tri-County claims that Profitable failed to specify under which subsection of 57.105 it was seeking relief.
It is well settled that a claim for attorney's fees, whether based on statute or contract must be pled. See Stockman v. Downs, 573 So.2d 835, 837 (Fla.1991). Failure to do so constitutes a waiver of the claim. See id. at 838. However, where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees. See id.
In this case, it is clear that appellees sufficiently pled their request for attorney's fees prior to judgment. In their combined answer, appellees made the following request for attorney's fees: "The claims against DEFENDANTS, HESS AND CPT, are wholly without factual and/or legal merit and the DEFENDANTS should be awarded attorney's fees pursuant to F.S. 57.105."
Tri-County argues that that answer was insufficient to plead attorney's fees on behalf of Profitable. Tri-County claims that only Hess and CPT gave any indication that attorney's fees were being sought and that only after judgment was entered did Profitable first mention that it was seeking *575 fees pursuant to the contract. However, both CPT and Profitable were owned by Barrett Hess and all pleadings filed in this case were on behalf of all three named defendants.
Tri-County also argues that it did not have notice that Profitable was seeking fees pursuant to the contract. In its order, the trial court found that Tri-County was put on notice that appellees were seeking attorney's fees in their complaint pursuant to the parties' contractual provision that reasonable attorney's fees be awarded to the prevailing party and under either subsection of Florida Statute 57.105.
In their answer, appellees claimed that they were seeking fees pursuant to section 57.105. While they did not specifically plead a particular subsection of the statute, it is clear that Tri-County was on notice that fees were being sought for either lack of justiciable issue of either law or fact under subsection 57.105(1) or from the contract under section 57.105(2). In Crane v. Barnett Bank of Palm Beach County, 687 So.2d 1384, 1385 (Fla. 4th DCA 1997), this court specifically held that an attorney's fee award would be allowed even though the claimant had not specified which of the two subsections of section 57.105 formed the basis of the claim when pleading entitlement. In Crane, this court held that while the pleadings were not artfully drafted, they provided sufficient notice that the appellee could be seeking fees pursuant to either subsection of section 57.105. See id. In this case, since Profitable was the only signatory to the lease, only Profitable could seek fees under the contract.
Section 57.105(2), Florida Statutes, provides as follows:
(2) If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. This act shall take effect October 1, 1988, and shall apply to contracts entered into on said date or thereafter.
The lease agreement entered into between Profitable Investment Corporation and Tri-County Development Group, Inc. provides the following provision regarding attorney's fees:
26.26 Legal Expenses
In the event of litigation (including appeals) arising out of or in connection with this Lease, the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney's fees. In the event that it shall become necessary for Landlord to employ the services of an attorney to enforce any of its rights under this Lease or to collect any sums due to it under the Lease or to remedy the breach of any covenant of this Lease on the part of the Tenant to be kept or performed, regardless of whether suit be brought, Tenant shall pay Landlord such reasonable fees and costs as shall be charged by Landlord's attorney for such services.
Section 57.105(2) allows for a tenant to recover fees where he is the prevailing party as a result of a contract provision which provides that the landlord shall recover fees if he must hire an attorney to enforce the terms of the lease. In this case, the trial court, in the prior action, found a contract to be in existence. This ruling was later affirmed by this court. Since this contract provided for attorney's fees to Tri-County when it was required to take action to enforce the contract, the court could allow for attorney's fees to Profitable where it prevailed in the action with respect to the contract.
Accordingly, we hold that the trial court did not err in finding that appellees sufficiently pled their request for fees pursuant to 57.105, that fees were recoverable under the contract, and that sufficient notice was given. We have reviewed all other issues raised by the parties, including the issue of *576 res judicata raised by appellee, and find those issues to be without merit.
AFFIRMED.
STONE and STEVENSON, JJ., concur.