932 So.2d 338 (2006)
AUGLINK COMMUNICATIONS, INC., Appellant,
v.
Frederick J. CANEVARI, as Trustee, etc., Appellee.
No. 5D05-1009.
District Court of Appeal of Florida, Fifth District.
February 24, 2006.
*339 T. Geoffrey Heekin and Dana R. Blunt of Heekin, Malin & Wenzel, P.A., Jacksonville, for Appellant.
Robert L. McLeod, II, of The McLeod Firm, St. Augustine, for Appellee.
LAWSON, J.
Auglink Communications, Inc., ("Auglink"), appeals a final order awarding attorneys' fees to Frederick J. Canevari, Trustee, ("Canevari").
The material facts are not in dispute. On January 25, 1999, Auglink executed and delivered a promissory note, and a second mortgage securing payment on the note, to Canevari in exchange for certain real property. The note required monthly payments and contained the following attorney fee provision:
Each maker and endorser ... agrees to pay all costs, including a reasonable attorney's fee, whether suit brought or not, if counsel shall after maturity of this note or default hereunder or under said mortgage, be employed to collect this note or to protect the security thereof.
Auglink made multiple late payments and incurred late fees over the first two years. After several missed payments in early 2001, Canevari ultimately declared Auglink in default, and accelerated the payments pursuant to terms of the note.
In response, Auglink filed a two count complaint against Canevari requesting declaratory and injunctive relief (count I), and alleging trespass (count II). In count I, Auglink requested the court to determine, inter alia, whether Auglink was in default of the note and second mortgage. Canevari filed an answer that contained a counterclaim, wherein he sought to foreclose on the mortgage and recover damages due under the note. In the counterclaim, he demanded judgment for costs and attorneys' fees and alleged:
Plaintiff [Canevari] is obligated to pay the undersigned attorney a reasonable attorney fee for bringing this action, for which attorney fee counterclaim Defendant [Auglink] is liable under the note.
Ultimately, Auglink negotiated what appeared to be a full settlement of all claims related to the note and mortgage, which included payment of Canevari's attorneys' fees incurred in collecting payment. Accordingly, in March 2003, Canevari dismissed his counterclaim with prejudice.
On June 4, 2003, however, Auglink filed an amended complaint, adding a new claim for breach of contract. Auglink's theory *340 was that in settling with Canevari, Auglink had overpaid under the terms of the note.[1] Canevari did not file an answer to the amended complaint. Instead, he filed a motion to dismiss,[2] wherein he asserted that the "new" breach of contract action was brought under the contract and asked the court to award him "attorneys' fees incurred in defending against this ... cause of action." As its basis for entitlement to fees, the motion provided: "The plaintiff has alleged this cause of action exists under the parties' contract, which contains an attorney fee provision."
When Auglink's amended complaint was dismissed for failure to seek leave of court before filing, Auglink filed a third amended complaint  again alleging breach of contract and entitlement to prevailing party attorneys' fees. This time, Canevari answered, but neglected to re-plead entitlement to attorneys' fees.
Thereafter, however, both parties clearly proceeded under the assumption that the prevailing party would be entitled to an award of attorneys' fees. Auglink conducted discovery regarding Canevari's attorneys' fees, involving both interrogatories and a request for production of documents served in August 2004. Additionally, all settlement discussions appear to have centered around Canevari's claim for attorneys' fees.
On August 5, 2004, Auglink filed a motion to dismiss its entire action which the court granted with prejudice. Although Auglink had been actively attempting to negotiate a resolution pursuant to which Canevari would waive his claim for attorneys' fees, Canevari never agreed. Nonetheless, Auglink unilaterally declared in its notice of dismissal that "each party shall bear their own costs and attorneys' fees."
On August 11, 2004, Canevari filed his motion for attorneys' fees and memorandum of law. A hearing was held on the motion on November 16, 2004. It appears that Auglink failed to raise Canevari's failure to plead entitlement to fees as a defense until two weeks after the hearing, when it filed a memorandum of law with the trial court.
On appeal, Auglink argues that reversal is warranted because Canevari did not plead entitlement to contractual attorneys' fees and cites Stockman v. Downs, 573 So.2d 835 (Fla.1991). While Auglink correctly cites the general rule of law in Florida, Stockman contains one limited exception which we find to be applicable here: "Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees." Id. at 838.
We agree that the pleading requirement set forth in Stockman should be very strictly adhered to, and the narrow exception very rarely used. As explained by this court in Sardon Foundation v. New Horizons Service Dogs, Inc., 852 So.2d 416, 421 (Fla. 5th DCA 2003): "The purpose of the pleading requirement is notice  by pleading a claim to attorney's fees, a party notifies the opposing party of the claim and prevents unfair surprise." *341 The existence or nonexistence of a claim for attorney's fees may often affect the decision whether to pursue, dismiss or settle a claim. These are clearly paramount concerns. However, in this case it is abundantly clear that there was no surprise caused by Canevari's failure to plead entitlement to attorneys' fees in his answer. Auglink was clearly on notice of Canevari's attorneys' fee claim from other record filings; Auglink itself pled entitlement to attorneys' fees under the contract; and, Auglink operated throughout the litigation under the assumption that attorneys' fees would be awarded to the prevailing party. Therefore, we find this to be one of those rare cases to which the narrow Stockman exception applies.
Additionally, Auglink asserts that the trial court erred in assessing several specific costs not authorized by the Uniform Guidelines for Taxation of Costs in Civil Actions. However, we find that this issue was not sufficiently preserved for appellate review. See Happ v. Moore, 784 So.2d 1091 (Fla.2001) (noting that the specific legal argument, to be preserved for appellate review, must have been raised in the trial court). There is nothing in the record demonstrating that Auglink objected at the hearing on fees and costs to any of the specific cost items it now claims to have been awarded in error. After the trial court issued its ruling, Auglink filed a motion for reconsideration which simply stated that "[t]he taxable costs reported include costs which are not taxable under the Uniform Guideline for Taxation of Costs." This sort of generalized objection is insufficient to preserve the issue for appellate review because it was insufficient to bring to the trial judge's attention the specific cost items Auglink claimed to be inappropriate for taxation. Cf. Levine v. Keaster, 862 So.2d 876, 882 (Fla. 4th DCA 2003) (holding that the party opposing an award of fees bears the burden of pointing out with specificity which hours should be deducted).
Canevari is also entitled to appellate attorneys' fees in an amount to be determined by the trial court on remand. § 59.46, Fla. Stat. (2005).
AFFIRMED and REMANDED.
SHARP, W., and ORFINGER, JJ., concur.
NOTES
[1] Auglink asserts that Canevari refused to settle the claim unless Auglink paid certain fees and costs. Auglink further asserts that it agreed to pay off the note under duress and as a result was forced to pay an amount in excess of its contractual obligation.
[2] He also filed a motion for sanctions pursuant to section 57.105, Florida Statutes, which necessarily includes an award of attorneys' fees. However, here the fee award was based solely on the contract and not the statute.