931 So.2d 227 (2006)
David SMYTHERS, on behalf of the DATACARE EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST and its participants and beneficiaries, Appellant,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, and C. David Kirk, Appellees.
No. 2D05-1570.
District Court of Appeal of Florida, Second District.
June 14, 2006.
*228 John D. Goldsmith of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., St. Petersburg, for Appellant.
Charles W. Pittman of Macfarlane, Ferguson & McMullen, Tampa, for Appellee C. David Kirk.
No appearance for Appellee National Union Fire Insurance Company of Pittsburgh, Pennsylvania.
SILBERMAN, Judge.
Appellant David Smythers, on behalf of the Datacare Employee Stock Ownership Plan and Trust and its participants and beneficiaries (Smythers), challenges a final judgment for attorney's fees entered in favor of Appellee C. David Kirk, former president of Datacare, Inc. Because Kirk failed to properly plead a claim for attorney's fees, we reverse the trial court's finding that he was entitled to recover fees and the final judgment awarding attorney's fees.
Smythers filed a declaratory judgment action against Kirk, seeking a determination of whether Kirk was entitled to a share of settlement proceeds realized from a lawsuit that Smythers filed against Appellee National Union Fire Insurance Company. Kirk filed an answer and affirmative defenses, but he did not plead an entitlement to attorney's fees. On January 23, 2004, after a nonjury trial, the trial court rendered a final judgment determining that Kirk was entitled to share in the distribution of the settlement proceeds. On January 30, 2004, Kirk served a motion for attorney's fees, raising for the first time a claim for fees. He alleged that he was entitled to recover fees under the Employee Retirement Income Security Act (ERISA), pursuant to 29 U.S.C. § 1132(g).[1]
At the hearing on the question of Kirk's entitlement to attorney's fees, Smythers argued, among other grounds, that Kirk waived his right to seek fees by failing to plead an entitlement to fees in his answer or defenses, citing Stockman v. Downs, 573 So.2d 835 (Fla.1991). Later, the trial court entered an order determining that Kirk was entitled to a fee award under 29 U.S.C. § 1132(g). On February 23, 2005, the trial court entered a final judgment awarding attorney's fees of $36,605 to Kirk. Smythers timely appealed that judgment.
It is undisputed that Kirk failed to plead an entitlement to fees in his answer *229 or defenses. The Florida Supreme Court has held that
a claim for attorney's fees, whether based on statute or contract, must be pled. The fundamental concern is one of notice. Modern pleading requirements serve to notify the opposing party of the claims alleged and prevent unfair surprise. Raising entitlement to attorney's fees only after judgment fails to serve either of these objectives. The existence or nonexistence of a motion for attorney's fees may play an important role in decisions affecting a case. For example, the potential that one may be required to pay an opposing party's attorney's fees may often be determinative in a decision on whether to pursue a claim, dismiss it, or settle. A party should not have to speculate throughout the entire course of an action about what claims ultimately may be alleged against him. Accordingly, we hold that a claim for attorney's fees, whether based on statute or contract, must be pled. Failure to do so constitutes a waiver of the claim.
Stockman, 573 So.2d at 837-38 (footnotes and citation omitted); see also Caufield v. Cantele, 837 So.2d 371, 378 (Fla.2002) (reiterating the Stockman pleading requirements but holding that "the specific statutory or contractual basis for a claim for attorney's fees need not be specifically pled").[2]
Kirk contends that his fee claim is a substantive claim arising under ERISA, that ERISA preempts state law, and that ERISA does not require that a claim for fees be asserted in an initial pleading. He argues that state law, including the Stockman decision, cannot control the outcome of the case because of preemption principles. Further, he argues that the Federal Rules of Civil Procedure should be followed and that under those rules, he was not required to plead an entitlement to fees.
We cannot agree with Kirk's arguments. Although ERISA grants authority to a court to award attorney's fees, it does not address the procedural aspects of making and pursuing a fee claim. See 29 U.S.C. § 1132(g). The requirement to plead a claim for attorney's fees is a procedural requirement that serves to put the other party on notice of the claim. Notice of a claim is an element of procedural due process. See Keys Citizens for Responsible Gov't, Inc. v. Fla. Keys Aqueduct Auth., 795 So.2d 940, 948 (Fla.2001). Stockman specifically addresses the requirement that a party must plead entitlement in order to place the other party on notice of a claim for fees. 573 So.2d at 837-38.[3]
*230 Kirk looks to the Federal Rules of Civil Procedure to argue that he need not plead entitlement to fees. He contends that under Federal Rule of Civil Procedure 54(d)(2), he need only file a motion for fees within fourteen days of the final judgment to sustain his claim for attorney's fees. Of course, the Federal Rules of Civil Procedure "govern the procedure in the United States district courts" in all civil suits, subject to limited exceptions not relevant here. Fed.R.Civ.P. 1; see also Fed.R.Civ.P. 81 (stating exceptions to rule 1). Likewise, the Florida Rules of Civil Procedure govern civil actions in the circuit courts and county courts of Florida, subject to limited exceptions not relevant here. See Fla. R. Civ. P. 1.010.
Here, we apply Florida law that provides the procedural requirements for pleading a claim for attorney's fees in state court. See Caufield, 837 So.2d 371; Stockman, 573 So.2d 835. The Federal Rules of Civil Procedure do not apply to this action. Because Kirk failed to comply with the pleading requirements of Stockman, we reverse the trial court's determination that he was entitled to recover attorney's fees and the final judgment awarding fees to him. Based on our decision, we need not address the second issue that Smythers raised on appeal.
Reversed.
SALCINES and STRINGER, JJ., Concur.
NOTES
[1] Prior to the declaratory judgment action, there had been related litigation involving an ERISA claim concerning the Datacare Employee Stock Ownership Plan and Trust.
[2] Stockman provides an exception to the pleading requirement that is not applicable here. See 573 So.2d at 838 ("Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees."). The supreme court noted that Downs sought fees after entry of the final judgment on the same basis that Stockman had previously raised. The court determined that "[t]he mere fact that Stockman sought attorney's fees under the same contractual provision is insufficient to warrant application of the exception to the rule." Id. Thus, the fact that Smythers had pleaded an entitlement to attorney's fees does not excuse Kirk's failure to timely plead his claim for fees.
[3] In the Fourth District's opinion that the supreme court quashed in Stockman, the district court observed that there had been "a great deal of confusion as to the procedural requirements necessary in seeking attorney's fees. Must a party plead entitlement and the authority therefor?" Downs v. Stockman, 555 So.2d 867, 867-68 (Fla. 4th DCA 1989) (emphasis added), quashed, 573 So.2d 835 (Fla. 1991).