# Third District Court of Appeal

## State of Florida

Opinion filed November 30, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-872
Lower Tribunal No. 09-53025
_____

**BankUnited, N.A., as Successor in Interest to BankUnited, FSB,**
Appellant,

vs.

**Soheila Ajabshir and Mehdi Ajabshir,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Kahane & Associates, P.A., and H. Michael Muñiz (Plantation), for appellant.

Karen B. Parker, P.A., and Karen B. Parker, for appellees.


Before SUAREZ, C.J., and ROTHENBERG and LOGUE, JJ.

ROTHENBERG, J.

BankUnited, N.A. ("BankUnited") appeals from a final judgment awarding

attorney's fees to Soheila Ajabshir and Mehdi Ajabshir ("the defendants"), arguing that because the defendants failed to plead entitlement to attorney's fees in their pro se answers, attorney's fees should not have been awarded. Because the record reflects that the defendants placed BankUnited on notice that they were requesting attorney's fees, and thereafter, BankUnited failed to timely object to the defendants' request based on their failure to plead entitlement, we affirm.[1]

BankUnited filed a residential mortgage foreclosure action against the defendants, and in its complaint, BankUnited sought attorney's fees and costs pursuant to a provision in the promissory note. In January 2010, the defendants filed separate pro se answers and affirmative defenses, which did not include a request for attorney's fees. The following month, the defendants retained counsel, but the defendants' counsel did not file an amended answer.

On November 29, 2010, the defendants, through counsel, filed a motion for judgment on the pleadings, and in the "wherefore clause," the defendants specifically requested the recovery of attorney's fees and costs. Two days later, on December 1, 2010, the defendants filed a motion for summary judgment, asserting that they were current with their mortgage payments and that BankUnited created the alleged default by erroneously establishing forced placed insurance on their property. As with the motion for judgment on the pleadings, the defendants'

---

[1] BankUnited also appeals from several other orders. Finding no merit, we affirm those orders without further discussion.

motion for summary judgment requested attorney's fees and costs in the "wherefore clause."

On December 28, 2010, BankUnited filed an opposition to the defendants' motion for summary judgment, but failed to object to the defendants' request for attorney's fees. Following a hearing, the trial court granted the defendants' motion for summary judgment on December 29, 2010, and thereafter, BankUnited moved for rehearing. The defendants filed an opposition to BankUnited's motion for rehearing, and in their opposition, the defendants once again requested attorney's fees and costs in the "wherefore clause."

On April 27, 2011, while BankUnited's motion for rehearing was pending, the defendants filed a motion for entitlement to attorney's fees and costs, but BankUnited did not file a response. Following a hearing conducted on July 10, 2012, the trial court denied BankUnited's motion for rehearing of the order granting summary judgment in favor of the defendants. Thereafter, in September 2012, the defendants filed an amended motion for entitlement to attorney's fees and costs and, once again, BankUnited failed to file a response.

Following a hearing conducted on October 30, 2012, the trial court granted the defendants' amended motion for entitlement to attorney's fees and costs, reserving jurisdiction to determine the amount due. Thereafter, the trial court entered an order closing the case, and a subsequent order providing that it was

entering a final order as to all parties.

The defendants filed their motion to determine the amount of attorney's fees, and in support, the defendants' counsel attached her timesheets reflecting the work performed in defending the foreclosure action and an affidavit as to the reasonableness of the attorney's fees requested. BankUnited opposed the defendants' motion to determine the amount of attorney's fees, but did not argue that the defendants were not entitled to attorney's fees based on their failure to plead entitlement to attorney's fees in their pro se answers. Thereafter, BankUnited filed a supplemental memorandum in opposition to the defendants' motion to determine the amount of attorney's fees and costs and, once again, did not argue that the defendants were not entitled to attorney's fees based on their failure to plead entitlement in their answers.

The record reflects that the first time BankUnited raised any objection to the defendants' entitlement to attorney's fees based on their failure to plead entitlement in their answers was at the hearing held to determine the amount of attorney's fees to be awarded. This hearing was conducted on February 26, 2016, over three years after the trial court's order granting the defendants' entitlement motion was rendered. After reducing both the hours requested by the defendants' counsel and her hourly rate, the trial court awarded attorney's fees to the defendants in the amount of $38,730 plus prejudgment interest from the date the

4

order granting entitlement was entered. BankUnited's motion for rehearing was denied, and its appeal followed.

BankUnited argues on appeal, as it did below, that the defendants are not entitled to an award of attorney's fees because they failed to plead entitlement to fees in their answers, and in support of its argument cites to Stockman v. Downs, 573 So. 2d 835 (Fla. 1991). It is true that in Stockman, the Florida Supreme Court held that "a claim for attorney's fees, whether based on statute or contract, must be pled," id. at 837, and "[f]ailure to do so constitutes a waiver of the claim." Id. at 838 (footnote omitted). However, in setting forth this general rule, the Florida Supreme Court recognized that "[t]he fundamental concern is one of notice," id. at 837, and articulated two exceptions to this rule, the first of which is applicable in this case: "Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees." Id. at 838.

In the instant case, although the defendants did not plead entitlement to attorney's fees in their pro se answers, the defendants provided notice to BankUnited early on in the litigation that they were requesting attorney's fees. The defendants' newly-retained counsel filed a motion for judgment on the pleadings requesting attorney's fees. Thereafter, in other filings, the defendants

5

continued to provide BankUnited with notice of their intent to seek attorney's fees if they prevailed.

Prior to the trial court's grant of summary judgment in favor of the defendants, BankUnited did not object to the defendants' request for attorney's fees based on their failure to plead entitlement in their answers. Further, BankUnited failed to file responses to the defendants' motion and amended motion for entitlement to attorney's fees. Following BankUnited's prolonged silence regarding the defendants' entitlement to attorney's fees, the trial court entered an order finding that the defendants were entitled to attorney's fees and reserved jurisdiction to award the amount.

Even after the trial court entered its order finding that the defendants were entitled to attorney's fees, BankUnited's silence continued. BankUnited filed a response and a supplemental response to the defendants' motion to determine the amount of attorney's fees, but these responses did not assert that the defendants' failure to plead entitlement to attorney's fees in their pro se answers constituted a waiver of their entitlement to attorney's fees. It was not until the hearing on the defendants' motion to determine the amount of attorney's fees that BankUnited finally asserted that the defendants' failure to plead entitlement in their answers constituted a waiver.

We conclude that BankUnited's objection was untimely, and thus

6

BankUnited waived any objection to the defendants' failure to plead entitlement. See Stockman, 573 So. 2d at 839 ("Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees."); Rabbit Hill Homeowners Ass'n v. Cory, 976 So. 2d 663, 664 (Fla. 1st DCA 2008) (affirming final judgment assessing attorney's fees even though party failed to plead entitlement to attorney's fees where "the record contain[ed] competent substantial evidence to support the trial court's finding that appellant recognized and acquiesced to appellees' claim for attorney's fees and, accordingly, waived its right to insist that the claim be set forth in a pleading") (citing to Stockman); Brown v. Gardens by the Sea S. Condo. Ass'n, 424 So. 2d 181, 183-84 (Fla. 4th DCA 1983) (finding that although the appellants had failed to plead entitlement in their answer and affirmative defenses, they were entitled to attorney's fees based on the appellees knowledge and lack of objection or suggestion of surprise or prejudice, and stating: "As matters stood, appellants were affirmatively lulled into believing that their claim was known, alive, and same would be adjudicated. Based on these facts, appellees should not be heard or permitted to now object to appellants' failure to formally plead.").

BankUnited was clearly put on notice that the defendants were seeking

attorney's fees if they prevailed on either their motion for judgment on the pleadings or for summary judgment. BankUnited, however, failed to object to entitlement based on the defendants' failure to plead entitlement in their answers at any stage of the proceedings although BankUnited had several opportunities to do so. BankUnited did not object (1) when summary judgment was granted; (2) in the response to the defendants' motion for entitlement to attorney's fees; (3) when the defendants filed an amended motion for entitlement to attorney's fees; (4) when the trial court entered its order granting the defendants' motions for entitlement to their attorney's fees; (5) when the defendants filed their motion to determine the amount of attorney's fees to be awarded; or (6) in its motion for reconsideration of the trial court's order granting entitlement to fees. We, therefore, conclude that BankUnited knew, recognized, and acquiesced to the defendants' unpled claim for attorney's fees and waived any objection it may have had regarding entitlement based on a failure to formally plead entitlement. As the Fourth District Court of Appeal concluded in Brown, "[A]s matters stood [the defendants] were affirmatively lulled into believing that their claim was known, alive, and that same would be adjudicated. Based on these facts, [BankUnited] should not be heard or permitted to now object to [the defendants'] failure to formally plead." Id. at 183-84. We therefore affirm the trial court's final judgment awarding attorney's fees to the defendants.[2, 3]

Affirmed.

---

[2] Without any further discussion, we reject BankUnited's argument that the defendants failed to present adequate and sufficient evidence to support the trial court's award of attorney's fees to the defendants. The record demonstrates that after the defendants' fees expert testified, the trial court carefully examined the hours billed by the defendants' counsel, and the trial court reduced the requested hours. Further, after inquiring as to the defendants' counsel's experience, the trial court reduced her requested hourly rate. Further, we also conclude that the trial court properly awarded prejudgment interest to the defendants from the date that the entitlement order was filed. See Quality Engineered Installation, Inc. v. Higley S., Inc., 670 So. 2d 929, 930-31 (Fla. 1996).

[3] BankUnited filed a motion to strike the defendants' answer brief and appendix based on the defendants' reference to and inclusion of an order that allegedly was not in the record before this Court. We instruct BankUnited to examine its own "Cross Motion to Continue Hearing on Defendant's Motion for Attorney's Fees, To Deem Defendant's Motion to Tax Attorney's Fees and Costs Abandoned or Withdrawn, and/or To Strike Defendant's Entitlement to Attorney's Fees, with Incorporated Memorandum of Law" filed in the lower tribunal on December 3, 2015 (R. 262), and specifically Exhibit No. 6, in which BankUnited actually attached the order it claims is not in the record before this Court (R. 298).