DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CYNTHIA J. KISTNER,

Appellant,

v.

MARIE J. LOWERY; PATRICIA LOWERY; and WALTER B.
SHURDEN, as personal representative of the Estate of
PATRICK PATRICCA, deceased,

Appellees.

No. 2D2024-0003

_____

April 11, 2025

Appeal from the Circuit Court for Pinellas County; George M. Jirotka, Judge.

Lee L. Haas of Haas & Castillo, PLLC, Clearwater, for Appellant.

Steven W. Moore, Largo; and Daniel J. Grieco of Law Office of Daniel J. Grieco, P.A., Largo, for Appellee Patricia Lowery.

No appearance for remaining Appellees.

ATKINSON, Judge.

Cynthia J. Kistner appeals the trial court's order denying her motion for attorney's fees pursuant to section 57.105(1), Florida Statute (2023). In the motion, Ms. Kistner requested an award of attorney's fees against Marie Lowery, Patricia Lowery, and their counsel, contending

that they filed a motion for attorney's fees regarding count II of the second amended complaint that was not supported by the necessary material facts or the application of then-existing law to the material facts. Because the Lowerys' counsel knew or should have known that the fee motion was not supported by the application of then-existing law, we reverse and remand for further proceedings.

## Background

After Marie and Patricia Lowery conveyed a condominium unit to Patrick Patricca, Ms. Kistner sued to invalidate that conveyance. She alleged that the Lowerys failed to give notice of the purchase offer before selling the condominium unit, which deprived the condominium association and other unit owners the opportunity to evaluate and exercise the right of first refusal contained in article L, section 8 of the governing condominium declaration. Her second amended complaint requested a declaratory judgment invalidating the conveyance in count I, an order requiring the Lowerys' specific performance of their obligations under the condominium declaration in count II, and an award of attorney's fees and costs for each count. The Lowerys filed a joint answer and affirmative defenses to the second amended complaint, but their pleading did not request an award of attorney's fees or costs.

The trial court bifurcated Ms. Kistner's claims, and trial proceeded only on the declaratory judgment claim in count I. Ms. Kistner prevailed. After trial but before the trial court entered a final judgment, Ms. Kistner voluntarily dismissed her specific performance claim in count II. The trial court later entered a final judgment in Ms. Kistner's favor on count I, invalidating the Lowery's conveyance and declaring Ms. Kistner's entitlement to recover her attorney's fees and costs. In paragraph three of the final judgment, the trial court found that Ms. Kistner, "the

2

Plaintiff[,] is entitled to recover her attorneys' fees and taxable costs . . . pursuant to §§ 718.03 and 57.041, Florida Statutes," and indicated that it retained "jurisdiction to determine the amount of said fees and costs." Directly thereafter, the trial court handwrote the following provision as paragraph four of the final judgment: "The Court finds that Defendants <u>may</u> be entitled to recover their attorney's fees and taxable costs against Plaintiff, similarly. The Court retains jurisdiction to determine such entitlement, if any, and the amount of said fees and costs." (Emphasis in original.)

The Lowerys filed a motion for attorney's fees regarding count II of the second amened complaint based on the voluntary dismissal. In response, Ms. Kistner served the Lowerys with a motion for attorney's fees pursuant to section 57.105, arguing that the Lowerys' motion seeking attorney's fees based on the dismissal of count II was "not supported by the material facts necessary to support it" and "not supported by the application of currently existing law to the material facts" because "they never filed a request for fees in any pleading or motion in lieu of a pleading."

The Lowerys did not withdraw their fee motion regarding count II within the twenty-one-day safe harbor period, so Ms. Kistner filed her section 57.105 motion. *See* § 57.105(4) ("A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."). The Lowerys later filed a motion to conform their pleadings to the evidence, acknowledging that they "did not pray relief for the award of attorney[']s fees" but arguing that the "issue of attorney[']s fees was tried on the part of Defendants" so

the pleadings should "conform to the evidence in this case."  After a hearing, the trial court entered three unelaborated orders that denied the Lowerys' fee motion regarding count II, the Lowerys' motion to conform their pleadings to the evidence, and Ms. Kistner's section 57.105 motion.

## Analysis

Ms. Kistner argues on appeal that the trial court erred by denying her motion for attorney's fees pursuant to section 57.105.  "An order denying a motion for attorney's fees and costs under section 57.105 is generally reviewed 'for an abuse of discretion, but if the trial court's determination is based on a legal conclusion, such as the interpretation of a statute or contractual provision, a de novo standard applies.' "  *Van Sant Law, LLC v. Air Isaac, LLC*, 353 So. 3d 106, 108 (Fla. 2d DCA 2022) (quoting *Suarez v. Bank of N.Y. Mellon Tr. Co.*, 325 So. 3d 205, 208 (Fla. 2d DCA 2021)).  In this case, the trial court's determination and the parties' arguments are based on legal conclusions, so our review is de novo.

> Section 57.105(1) provides that
>
> [u]pon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.

4

§ 57.105(1). Ms. Kistner argues in relevant part that the Lowerys' fee motion regarding count II was not supported by then-existing law because they never pled a claim for attorney's fees. We agree.

"[A] claim for attorney's fees, whether based on statute or contract, must be pled."[1] *Stockman v. Downs*, 573 So. 2d 835, 837 (Fla. 1991). "Failure to do so constitutes a waiver of the claim." *Id.* at 838. The Lowerys' answer and affirmative defenses to Ms. Kistner's second amended complaint makes no mention of any claim for attorney's fees, and the Lowerys conceded below that they did not plead any such claim. Consequently, the Lowerys' motion seeking recovery of their attorney's fees regarding their defense of count II of the second amended complaint was unsupported by the application of then-existing law, which provided that they waived any claim for attorney's fees by failing to plead it.

Patricia Lowery argues on appeal that she acted in good faith based on paragraph four in the trial court's final judgment and her request to conform the pleadings to the evidence.[2] The trial court merely observed in its final judgment that the Lowerys *may* be entitled to attorney's fees and reserved jurisdiction "to determine such entitlement, if any." In the preceding paragraph, by contrast, the trial court found without qualification or equivocation that Ms. Kistner was entitled to an award of fees. The trial court's equivocal nod to the possibility of reciprocal entitlement on the part of the Lowerys cannot support the broad

---

[1] A different rule applies when a trial court dismisses a case before a defendant files a responsive pleading. *See Green v. Sun Harbor Homeowners' Ass'n*, 730 So. 2d 1261, 1263 (Fla. 1998). That rule has no application in this case.

[2] Patricia Lowery is the only appellee who has appeared in this proceeding. Marie Lowery passed away during the pendency of the underlying proceeding.

characterization Ms. Lowery affords it in this appeal—that the trial court was endorsing her entitlement to attorney's fees as factually or legally supported. Indeed, the trial court's language necessarily acknowledged the opposite possibility that Ms. Lowery might *not* be entitled to attorney's fees, and nothing in the trial court's final judgment altered then-existing law providing that a party waives a fee claim by failing to plead it.

Moreover, Ms. Lowery's motion to conform the pleadings to the evidence had no application in this context because the pleading requirement for Ms. Lowery's right to pursue a claim for attorney's fees was not contingent on any evidence adduced during the litigation—rather, satisfaction of the requirement depended on what the party *pled*. In other words, for purposes of Ms. Lowery's ability to pursue a fee claim, there was no relevant "evidence" to which the pleadings could be conformed. Ms. Lowery even concedes as much on appeal, acknowledging that "there was no evidence presented at trial by either party relating to entitlement to attorney[']s fees."

Ms. Lowery also argues that the "issue of attorney[']s fees has been present since the beginning of this case on both sides" and that it was "clear from the pleadings filed and the arguments made by attorney for [Ms. Lowery] that at all pertintent times [Ms. Kistner] knew, recognized and acquiesced, that appellees were seeking attorney[']s fees." She alludes to the exception to the general rule that a party must plead a claim for attorney's fees: "Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees." *Stockman*, 573 So. 2d at 838. But in this case

6

there is no record support for the assertion that Ms. Kistner knew Ms. Lowery was claiming entitlement to attorney's fees regarding count II of the second amended complaint. Ms. Lowery cites to a claim for attorney's fees she made in a summary judgment motion directed only to count I of the second amended complaint and a claim for attorney's fees that codefendant Patrick Patricca raised in his answer, neither of which placed Ms. Kistner on notice that Ms. Lowery claimed entitlement to fees regarding count II. Ms. Lowery did not raise her claimed entitlement to fees until *after* Ms. Kistner voluntarily dismissed count II.

Accordingly, Ms. Lowery's fee motion was not supported by the application of then-existing law. And because the motion was filed by counsel and unsupported by law, rather than fact, Ms. Lowery's counsel knew or should have known that the fee motion was unsupported. *See Suarez*, 325 So. 3d at 209 ("Ignorance of the law is not a basis to deny fees under section 57.105(1)."). Ms. Kistner was entitled to recover attorney's fees pursuant to section 57.105(1)(b), and the trial court erred by denying her motion. We therefore reverse the trial court's order and remand for the trial court to determine the reasonable amount of attorney's fees to be awarded, which should be assessed only against Ms. Lowery's counsel. *See* § 57.105(3)(c) (providing that monetary sanctions may not be awarded under subsection (1)(b) "against a represented party"); *Santiago v. Sunset Cove Invs., Inc.*, 198 So. 3d 658, 661 (Fla. 2d DCA 2015) ("[B]ecause we base the award of appellate attorneys' fees on section 57.105(1)(b), the fees may only be awarded as against Santiago's counsel.").

Reversed and remanded.

SLEET, C.J., and VILLANTI, J., Concur.

_____

Opinion subject to revision prior to official publication.